JERRY W. COUNTS and RAE A. COUNTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Counts v. Commissioner
Docket No. 28233-82.
United States Tax Court
T.C. Memo 1984-561; 1984 Tax Ct. Memo LEXIS 111; 48 T.C.M. (CCH) 1452; T.C.M. (RIA) 84561; October 18, 1984. *111 Held, H and W may not deduct their wages received as non-taxable receipts. Held further, W must include unemployment compensation in gross income. Held further, H and W are liable for the additions to tax for negligence and failure to timely file a return. Held further, H and W are not entitled to joint filing status. Jerry W. Counts and Rae A. Counts, pro se. John F. Driscoll, for the respondent. NIMS MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency of $4,470 in petitioners' joint 1980 Federal income taxes. Subsequently, by amended answer, respondent alleged he had improperly calculated the above deficiency and determined based on a married separate filing status that petitioners were individually liable for the following deficiencies in and additions *112 to income taxes for 1980: Additions to Tax
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Jerry W. Counts
$5,526.61
$1,381.65
$276.33
Rae A. Counts
472.00
118.00
23.60
*113 The issues presented for decision are: (1) whether petitioners Jerry W. Counts (Mr. Counts) and Rae A. Counts (Mrs. Counts) are entitled to deduct $17,540.62 and $4,532.25, respectively, of wages received as non-taxable receipts; (2) whether Mrs. Counts is required to include $1,760 of unemployment compensation in gross income under section 85; (3) whether petitioners are each liable for the addition to tax under section 6651(a)(1) for failure to timely file a return; (4) whether respondent correctly determined petitioners' deficiencies in and additions to income taxes based on a married separate filing status; and (5) whether petitioners are each liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Petitioners, husband and wife, resided at Zephyrhills, Florida, at the time their petition was filed in this case. Mr. Counts, a truck driver, received $17,540.62 in wages from *114 Carr Bros. Institutional Foods and Paper Company, Inc. in 1980. Mrs. Counts was employed by the Kmart Corporation and earned $4,532.25. In addition, Mrs. Counts received $1,760 of unemployment compensation from the Florida Department of Labor and Employment Security during the taxable year at issue. Petitioners submitted to the Internal Revenue Service a Form 1040 containing numerous alterations for the 1980 taxable year. The headings entitled "Income" and "Adjustments to Income" in the margin of the form were obliterated and replaced with the words "Receipts" and "Adjustments to Receipts." On line 24 of the form, the caption "Employee business expense (attach Form 2106)" was replaced with "Non-taxable receipts." Among the remaining changes was the addition of the following statements to the paragraph immediately preceding petitioners' signatures: "Signed involuntarily under threat of statutory punishment" and "By signing this form I do not waive any of my constitutional rights." Petitioners indicated a joint return filing status on the altered Form 1040. Although petitioners reported wages in the amount of $22,072.87 on line 8 of the form, they subsequently deducted *115 that amount on line 24 as non-taxable receipts. OPINION Non-Taxable Receipts Deduction
The first issue for decision is whether petitioners are entitled to deduct the amount of their wages received as non-taxable receipts. Mr. and Mrs. Counts were compensated $17,540.62 and $4,532.25, respectively, during the taxable year at issue. Petitioners argue that they are entitled to deduct the amounts received as non-taxable receipts because "labor performed by them does not constitute 'income' within the meaning of the Internal Revenue Code for purposes of taxation * * *." We have repeatedly rejected in prior cases the argument made by petitioners. The wages received by petitioners are includable in gross income. Section 61; ; . Petitioners' argument is frivolous and the deduction for non-taxable receipts is therefore denied. Unemployment Compensation
The next issue for decision is whether Mrs. Counts is required to include in gross income $1,760 of unemployment compensation under section 85. [2] Mrs. Counts neither denies receiving the *116 unemployment compensation nor argues that the funds are not includable in gross income under section 85. We therefore hold for respondent on this issue. [3]
*117 Addition to Tax for Failure to Timely File a Return
Respondent determined that petitioners are each liable for the addition to tax under section 6651(a)(1) [4] for failure to timely file a return. Respondent argues the addition to tax is applicable because the altered Form 1040 submitted by petitioners does not constitute a legally sufficient Federal income tax return. We agree. We recently considered this issue in , and held that the addition to tax for failure to timely file a return must be sustained because an altered Form 1040 is not a return. . Moreover, since petitioners in the instant case deliberately submitted an altered form, their failure to timely file a return was not due to reasonable cause. Accordingly, the additions to tax under section 6651(a)(1) are sustained. *118 Petitioners' Filing Status
The next issue for decision is whether respondent properly computed the deficiencies in and additions to petitioners' income taxes on a married separate filing status rather than on a joint return filing status. Since respondent's computations based on a separate filing status were raised by amended answer, respondent bears the burden of proof on this issue. Rule 142(a). If a taxpayer fails to timely file a return, and the Commissioner is required to make the joint or separate return election in computing taxable income, that election may not thereafter be altered by the taxpayer. , affd. on this issue, . Petitioners in the instant case, as discussed above, failed to timely file a return. Accordingly, we hold respondent properly determined the deficiencies in and additions to petitioners' income taxes based on a separate filing status. Addition to Tax for Negligence
The final issue for decision is whether petitioners are each liable for negligence or intentional disregard of rules and regulations under section 6653(a). *119 We believe petitioners' submission of the altered Form 1040 to the Internal Revenue Service demonstrates an intentional disregard of rules and regulations. Accordingly, the addition to tax under section 6653(a) is sustained. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in question. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 85 provides: (a) In General.--If the sum for the taxable year of the adjusted gross income of the taxpayer (determined without regard to this section and without regard to section 105(d)) and the unemployment compensation exceeds the base amount, gross income for the taxable year includes unemployment compensation in an amount equal to the lesser of-- (1) one-half of the amount of the excess of such sum over the base amount, or (2) the amount of the unemployment compensation. (b) Base Amount Defined.--For purposes of this section, the term "base amount" means-- (1) except as provided in paragraphs (2) and (3), $20,000, (2) $25,000, in the case of a joint return under section 6013, or (3) zero, in the case of a taxpayer who-- (A) is married at the close of the taxable year (within the meaning of section 143) but does not file a joint return for such year, and (B) does not live apart from his spouse at all times during the taxable year. (c) Unemployment Compensation Defined.--For purposes of this section, the term "unemployment compensation" means any amount received under a law of the United States or of a State which is in the nature of unemployment compensation. ↩
3. Section 85(b)(3) requires Mrs. Counts to use a base amount of zero in computing the taxable portion of the unemployment income she received because she did not file a joint return for the taxable year at issue. See our discussion of petitioners' filing status, infra.↩
4. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO RAY TAX. (a) ADDITION TO THE TAX.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *↩