**Lorin G. SLOAN, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 94–2617.

United States Court of Appeals, Seventh Circuit.

Submitted April 4, 1995.

Decided April 24, 1995.

Lorin G. Sloan, Wabash, IN, pro se.

David L. Jordan, Gary R. Allen, Murray S. Horwitz, Charles E. Brookhart, Dept. of Justice, Tax Div., Appellate Section, Washington, DC, Diane L. Worland, Indianapolis, IN, for respondent-appellee.

Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.

POSNER, Chief Judge.

Sloan, a typical tax protester, was convicted of income tax evasion for the years 1981 through 1983, and his conviction was upheld in *United States v. Sloan,* 939 F.2d 499 (7th Cir.1991). In 1993, Sloan finally submitted 1040s for those years, claiming "married filing joint return" status. What is called the "jurat" is the place in the return that is provided for the signature of the taxpayer (and of the preparer, if the return is prepared by someone other than the taxpayer) and that states above the space for

the signature: "Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements and to the best of my knowledge and belief it is true, correct, and complete." Sloan and his wife signed in the prescribed space but wrote immediately above their signatures: "Denial & Disclaimer attached as part of this form." In the attachment, Sloan and his wife (she in slightly different words) "deny that I am liable or made liable for any '1040 income tax' for the above stated year. I claim all my rights and waive none of them merely for exercising my right to work. I submit the 1040 form to prevent the further theft of my property and loss of my liberty. My signature on the form is not an admission of jurisdiction or submission to subject status. I 'disclaim liability' for any tax shown on the form." The Internal Revenue Service, seconded by the Tax Court, refused to accept the forms as "returns," denied the Sloans the status of married filing joint return, and assessed additional taxes on them.

To obtain "married filing joint return" status a taxpayer must submit a return that is "verified by a written declaration that it is made under the penalties of perjury." 26 U.S.C. §§ 1, 6065. The question is whether the Sloans' "Denial & Disclaimer" vitiated the jurat. Put differently, it is whether, if their return contained a deliberate and material false statement, the Sloans could be prosecuted for perjury. They could not if they had written under the jurat, "Just joking"; the return would be invalid and they would lose their married filing joint return status.

■ It is a close question whether the "Denial & Disclaimer" should be interpreted in this light—that is, as an attempt to retract or qualify the jurat. It could be read just to mean that the Sloans reserve the right to renew their constitutional challenge to the federal income tax. But we think that the Internal Revenue Service should be entitled to construe alterations of the jurat against the taxpayer, at least when there is any doubt. The Sloans' denial and disclaimer could be interpreted to deny that their signature has any more significance than the signature on a coerced confession. It would surely complicate the government's task of proving perjury. The government receives tens of millions of tax returns and if taxpayers start embellishing the jurat the staggering task of processing all these returns may become entirely unmanageable. It is true that in *Todd v. United States,* 849 F.2d 365 (9th Cir.1988), the government conceded that the taxpayer should not have been penalized for writing "signed involuntarily under penalty of statutory punishment" below the jurat. *Id.* at 370. But there was no disclaimer of liability, as there is here.

There was no infringement of the Sloans' freedom of speech, *Hettig v. United States,* 845 F.2d 794 (8th Cir.1988) (per curiam); *Bradley v. United States,* 817 F.2d 1400, 1404–05 (9th Cir.1987); *Eicher v. United States,* 774 F.2d 27 (1st Cir.1985) (per curiam), since there are plenty of equally good sites for the expression of their views besides the jurat of their income tax returns.

■ The other issues presented by the appeal are frivolous. We note incidentally that as a result of previous filings—those completely frivolous—Mr. Sloan was ordered to pay sanctions totaling $2,200, and he hasn't paid a cent. We don't see why we should accept any more filings from him (he is a frequent filer) until he pays the sanctions that have been imposed upon him for abuse of the process of the federal courts or explains why he cannot do so. We direct him to show cause within fourteen days of the date of this order why we should not direct the clerks of court of this circuit to return to him unopened any further filings that he makes until he submits satisfactory proof of payment in full of the sanctions that have been imposed on him. Cf. *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995) (per curiam).

The judgment of the Tax Court is affirmed, and a rule to show cause is issued.