T.C. Memo. 1998-242

UNITED STATES TAX COURT

DEAN SCOTT HODGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 8520-96, 16649-96.          Filed July 6, 1998.

Dean Scott Hodge, pro se.

<u>Thomas C. Pliske</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  These consolidated cases were heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

In separate notices of deficiency, respondent determined a deficiency of $574 in petitioner's Federal income tax for 1992, and a deficiency of $2,719 in petitioner's Federal income tax for 1994, and additions to tax, for 1994, of $429 and $31, under sections 6651(a)(1) and 6654, respectively.

The issues for decision are: (1) Whether petitioner is liable for Federal income taxes on income of $2,040.63 for 1992, and $21,909 for 1994; (2) whether, for 1994, petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file timely a Federal income tax return; and (3) whether, for 1994, petitioner is liable for the addition to tax under section 6654 for failure to make estimated tax payments.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Bridgeton, Missouri.

Petitioner filed timely his Federal income tax return for 1992 reporting gross income of $24,304, consisting of wages, $23,750; interest income, $379; and unemployment compensation, $175.[2] Petitioner also claimed itemized deductions of $7,009.

---

[2] Attached to petitioner's 1992 return were six Forms W-2, Wage and Tax Statement (Form W-2), from the following employers reporting the following wages: (1) The Pasta House Company, $1,917.22; (2) Crestwood Health and Fitness, Inc., $792.50; (3) Navy Material Transportation Office, $332.26; (4) TAD Technical and/or Consultants and Designers, $2,005.50;

(continued...)

The return reflected a tax of $2,246, Federal income tax withheld of $3,697, and an overpayment of $1,451.

Subsequently, in September 1994, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return (1992 amended return), to amend his previously filed 1992 return. On the 1992 amended return, petitioner decreased his total income to zero and eliminated all his deductions, credits, and exemptions to reflect a zero tax. Petitioner listed Federal income tax withheld of $3,697, the overpayment shown on the original return of $1,451, and claimed an additional refund of $2,246. Thus, with the original and amended return, petitioner claimed a refund of the entire 1992 withholdings. Petitioner signed the 1992 amended return and stamped above his signature "Without Prejudice UCC 1-207". In the explanation portion of the 1992 amended return, petitioner stated that the Internal Revenue Code does not define "U.S. Individual", and, since he could not determine whether he was a "U.S. Individual", his original return was filed in error. Based on the 1992 amended return, respondent abated $574 of petitioner's tax liability for 1992. In the notice of deficiency for 1992, respondent determined that this $574 abatement in tax

---

[2](...continued)
(5) Prudential Ins. Co. of America, $8,522.64; and (6) Kyle Linden Asphalt Maintenance, $274.75. Also attached to the return was a Form W-2C, Statement of Corrected Income and Tax Amounts, from Defense Finance and Accounting Service, Cleveland Center, reporting wages of $9,903.61.

equated to $2,040 in income and made an income adjustment for $2,040, which is characterized in the notice of deficiency as a "Frivolous Deduction".[3]

In November 1994, petitioner prepared and sent to respondent another Form 1040X for 1992, in which petitioner listed the same amount of gross income reported on the 1992 amended return, $24,304; however, on this second amended return, petitioner listed $12,087.49 as "nontaxable compensation, compensation exclusion". This second amended return listed a tax of $416 and claimed a refund of $1,256. Petitioner also signed the second 1992 amended return and stamped above his signature "Without Prejudice UCC 1-207". In the explanation portion of the Form 1040X, petitioner included a compilation of tax protester gibberish. This second 1992 amended return was not accepted for filing by respondent.

---

[3] The notice of deficiency states, in pertinent part:

> The * * * [1992 amended return] was based on various tax protestor arguments, including the taxpayer's contention that income taxes are voluntary, wages are not includable in taxable income, and that the Sixteenth Amendment is limited to excise taxes. The Service Center erroneously processed the taxpayer's claim and abated $574 of his tax liability. The taxpayer received a refund for this abatement.

The assessment of petitioner's 1992 taxes, based on the filed 1992 return, remained except for the $574 abatement resulting from the 1992 amended return. Thus, the deficiency for 1992 is limited to the $574 abatement.

Petitioner's 1994 income tax return reported total income of $21,575.12, consisting of wages, $21,515.13, and interest income, $59.99.[4] However, under Adjustments to Income on page 1 of Form 1040, petitioner made a material alteration to the form by listing his salary and wage income of $21,515.13 as a deduction, resulting in reported adjusted gross income of $59.99. Adjacent to his improvised adjustment, petitioner whited out the preprinted line descriptions and typed in "Compensation exclusion, 26 CFR ('39)9.22(b) Knowlton vs Moore 178 U.S. 41 Right to Labor is nontaxable Murdoch vs Penn. 319 U.S. 105 Coppage vs. Kan. 236 U.S. 1". Petitioner also claimed the standard deduction of $3,800 and one personal exemption of $2,450. The return shows a zero total tax liability, Federal income tax withheld of $1,006.70, and an overpayment of $1,006.70. Petitioner signed his 1994 Federal income tax return and stamped above his signature "Without Prejudice UCC 1-207".[5]

---

[4] Attached to petitioner's 1994 return were three Forms W-2, from the following employers reporting the following wages: (1) Clark Refining and Marketing, Inc., $18,764.34; (2) Prudential Ins. Co. of America, $609.85; and (3) Staffing Solutions, Inc., $2,140.94. Also attached to the return was a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from Prudential Ins. Co. of America reporting a gross distribution of $84.43 from petitioner's retirement plan, with $4.33 being taxable.

[5] At trial, counsel for respondent stated "Respondent did not accept this form for filing due to the qualification beneath his signature and due to the material alterations." In Sloan v.

(continued...)

In July 1995, petitioner mailed to respondent a Form 1040X (1994 amended return) to amend his earlier 1994 return. On the 1994 amended return, petitioner reported the same items of income, deduction, and exemption as he reported on the original 1994 return, as well as the same tax liability and refund amount. As apparently had become a matter of routine, petitioner also signed the 1994 amended return and stamped above his signature "Without Prejudice UCC 1-207". Once again, in the explanation portion of the 1994 amended return, petitioner recited tax protester rhetoric similar to that stated on his previous returns. Also, petitioner attached to his 1994 amended return a letter and several documents asserting further tax protester jargon. For similar reasons as recited above, respondent did not accept petitioner's 1994 amended return for filing.

In the notice of deficiency for 1992, respondent disallowed petitioner's "Frivolous deduction" of $2,040.63 and itemized

---

[5](...continued)
Commissioner, 102 T.C. 137, 146 (1994), affd. 53 F.3d 799 (7th Cir. 1995), this Court held that a tampered return does not constitute a return where the tampered portion of the return affects the form's useability by respondent, requiring the handling of the return through special procedures and removal of the return from normal processing channels, thus substantially impeding the Commissioner's physical task of handling and verifying tax returns. Here, by claiming a "compensation exclusion" of his salary from tax, reflected by a material alteration of the Form 1040, would have required respondent to withdraw petitioner's return from normal processing to ascertain the merits of petitioner's claim that such income was excludable from tax.

deductions of $0.08, and determined a deficiency in tax of $574, which equals the aforementioned abatement and refund respondent had erroneously paid to petitioner.[6]  In the notice of deficiency for 1994, respondent determined that petitioner had $21,513 in wages, $55 in interest income, a $4 taxable distribution from an Individual Retirement Account (IRA), and a $337 State income tax refund.  Respondent allowed petitioner the standard deduction of $3,800.  These adjustments resulted in a deficiency in tax of $2,719.  Respondent allowed a withholding credit of $1,004, resulting in a balance due of $1,715.  Adjustments in the notices of deficiency were based on information reported to respondent by various payers.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

The first issue is whether petitioner is liable for Federal income taxes on income of $2,040.63 for 1992, and income of $21,909 for 1994, as determined by respondent in the notices of deficiency.  Petitioner admitted at trial that he was employed in several different jobs during 1992, and that, during such year,

---

[6]     The Court notes that petitioner failed to advance an argument, either in his pleadings or at trial, as to respondent's disallowance of $0.08 in itemized deductions.  Thus, the Court considers this issue to have been abandoned by petitioner, and respondent is sustained thereon.

he received wages in compensation for his services.  Petitioner further admitted at trial that he received, for 1994, wages of $21,513 in compensation for his services, interest income by $55, taxable IRA distribution of $4, and a State income tax refund of $337.  Petitioner contends, however, that this income is not subject to Federal income taxation because the words "income" and "U.S. Individual" are not defined in the Internal Revenue Code, and there is no explanation in the Internal Revenue Code of who is subject to Federal income taxes.  Petitioner also asserts a series of disjointed and unsupported tax protester arguments such as "the income tax is voluntary", "compensation is an direct item of income not taxable by the federal government", "the 16th amendment and the income tax is limited to indirect excise taxes", and so forth.  Petitioner did not challenge the amounts of income determined by respondent and made no claim to deductions, exemptions, or credits.[7]

All of the arguments advanced by petitioner are completely lacking in factual and legal foundation and constitute a textbook case of a protest of the Federal tax laws.  These types of tax protester arguments have been heard on numerous occasions by this

[7]     Even though petitioner took the position that none of his income was taxable, in his petition, he made no claim for an overpayment of taxes for 1992 in excess of the amount abated by respondent.  As noted earlier, the only income adjustment for 1992 is the $2,040.63 for recovery of the $574 tax abatement by respondent based on petitioner's September 1992 refund claim. See _supra_ note 3.

Court, as well as other courts, and have been consistently rejected.  The Court sees no need to further respond to each of petitioner's arguments with somber reasoning and copious citations of precedent, to do so might suggest that petitioner's arguments possess some measure of colorable merit.  See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).  In short, petitioner is a taxpayer subject to the income tax laws and to the jurisdiction of this Court.  See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984).

On this record, the Court holds that petitioner is liable for Federal income taxes on income of $2,040.63 for 1992, and income of $21,909 for 1994, as determined by respondent in the notices of deficiency.  Respondent is, therefore, sustained on this issue.

The second issue is whether petitioner is liable for the addition to tax under section 6651(a)(1) for his failure to file timely a Federal income tax return for 1994.  Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file timely returns, unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect."  Petitioner's 1994 income tax return was due to be filed on or before April 15, 1995.  Petitioner failed to file a valid return for 1994.  Sloan v. Commissioner, 102 T.C. 137 (1994), affd. 53 F.3d 799 (7th Cir. 1995); see supra note 5.

Petitioner presented nothing to show that he filed timely his 1994 return, nor did he raise as an issue any claim or contention that the tampered or altered Forms 1040 he submitted for 1994 constituted a valid return for that year. Respondent, therefore, is sustained on the section 6651(a)(1) addition to tax.

The third issue is whether petitioner is liable for the addition to tax under section 6654 for his failure to make estimated tax payments in 1994. Section 6654 provides for an addition to tax "in the case of any underpayment of estimated tax by an individual". There is no exception contained therein relating to reasonable cause and lack of willful neglect. Subject to certain exceptions provided by statute, this addition to tax is otherwise automatic if the amounts of the withholdings and estimated tax payments do not equal statutorily designated amounts. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

Petitioner failed to produce any evidence to show that respondent's determination of his liability for the addition to tax under section 6654 is in error. Consequently, because petitioner failed to make any estimated tax payments for 1994, respondent's determination in this regard is sustained. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

On a final note, section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty to the United States, in an amount not to exceed $25,000, whenever it appears that

proceedings have been instituted or maintained by such taxpayer primarily for delay, or that the taxpayer's position in a proceeding is frivolous or groundless. A petition in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

At trial, petitioner quite frankly stated to the Court that his position was nothing more than an act of civil disobedience, and that, if enough people would come forward to absorb respondent's time, as well as the Court's time, with cases of this nature, perhaps Congress would change the income tax system. The Court is convinced that petitioner instituted these proceedings primarily for purposes of delay. Certainly, his contentions are frivolous. It is distressingly obvious that petitioner had no intention of obeying the internal revenue laws of this country, and that he deliberately wasted the time and energy of this Court as he frankly admitted. Moreover, it appears that petitioner intends to pursue similar tactics in the future, as well as encourage others to do so, until his grievances are heard by members of Congress. Petitioner is reminded that this Court is not a forum for expressing "soap-box" views condemning the unfairness of our Federal income tax laws or the system by which such laws are enforced.

On this record, the Court holds that petitioner has instituted and maintained these proceedings primarily for purposes of delay, and that petitioner's position that his earnings are exempt from income tax is frivolous and groundless. Thus, the Court hereby imposes upon petitioner a penalty in each case, under section 6673, in the amount of $250 in favor of the United States.

Decisions will be entered

for respondent.