T.C. Memo. 1999-51


UNITED STATES TAX COURT


JAMES J. BROOKBANK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22898-96.            Filed February 25, 1999.


James J. Brookbank, pro se.

<u>Louis H. Hill</u>, for respondent.


MEMORANDUM OPINION


GALE, <u>Judge</u>:  Respondent determined deficiencies in and
additions to petitioner's Federal income taxes as follows:

|       |            | Additions to Tax, I.R.C. | | |
|-------|------------|-----------------|-----------------|--------|
| Year  | Deficiency | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6654 |
| 1982  | $ 4,551    | $2,276          | 50% of interest due on $4,551 | $444 |
| 1983  | 6,401      | 3,201           | 50% of interest due on $6,401 | 392 |
| 1984  | 15,843     | 7,922           | 50% of interest due on $15,843 | 997 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner did not appear for trial. Respondent filed motions for judgment by default and for a penalty under section 6673.

Respondent's Motion for Judgment by Default

Respondent's Motion for Judgment by Default relies on facts and evidence deemed stipulated pursuant to an Order of the Court made under Rule 91(f)(3) and, in addition, on facts pleaded in the answer. Respondent contends that those materials are sufficient to carry respondent's burden of proof because of petitioner's default, relying on Smith v. Commissioner, 91 T.C. 1049 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). Respondent, however, also called two witnesses in further support of respondent's determination of fraud. The witnesses testified to income paid to petitioner during the years in issue and admissions made by petitioner about avoiding payment of income

taxes by putting assets in the names of family members. The facts pleaded in the answer and supported in many instances by the stipulated facts and evidence are summarized below.

## Background

Petitioner resided in Ohio at the time that he filed his petition. During 1982, 1983, and 1984, petitioner was engaged in the business of selling life insurance. During those years, he was employed by and received commissions from various life insurance companies. Petitioner received total income from these sources of $20,094.50 in 1982, $28,656.12 in 1983, and $47,287.84 in 1984. (The specific amounts paid to petitioner by each insurance company during each year were set out in detail in the answer, and supporting documents, including canceled checks and commission records, were deemed stipulated.)

During 1983 and 1984, petitioner caused substantial portions of his income to be deposited into a bank account maintained in the name of his mother and his daughter. Payments out of that bank account were made for petitioner's use. Petitioner acquired automobiles and caused them to be registered in the name of his daughter.

On or about the due dates for his income tax returns for 1982, 1983, and 1984, petitioner prepared Forms 1040 and mailed them to the Cincinnati Service Center of the Internal Revenue Service. The Forms 1040 included his name, Social Security number, address, filing status, and claim of one exemption. The

phrase "Object--Self Incrimination" was typed on the lines of the forms designed for financial information and computations. Petitioner did not include any financial information on any of the Forms 1040 for 1982, 1983, or 1984 that he sent to the Service Center. Petitioner was promptly notified by the Internal Revenue Service that the Forms 1040 were not acceptable as income tax returns and that he was required to file Federal income tax returns.

On July 10, 1991, petitioner was convicted of willful failure to file Federal income tax returns for 1983 and 1984 in violation of section 7203. Petitioner was sentenced to prison, but his sentence was suspended and he was placed on probation on condition that he file income tax returns by December 15, 1991. Petitioner failed to file the returns within that time and, on December 20, 1991, his prison sentence was reimposed.

Petitioner's failure to file Federal income tax returns for 1982, 1983, and 1984 was part of an 8-year pattern of failure to file tax returns commencing in 1977. Petitioner fraudulently failed to report income tax liabilities of $4,551, $6,401, and $15,843 for 1982, 1983, and 1984, respectively, and all or part of the underpayment of income tax for those years is due to fraud with intent to evade tax.

### Discussion

In <u>Smith v. Commissioner</u>, 926 F.2d 1470 (6th Cir. 1991), affg. 91 T.C. 1049 (1988), the Court of Appeals for the Sixth

Circuit, to which this case is appealable, sustained a default judgment, including additions to tax for fraud, against a taxpayer who failed to appear for trial.

In this case, as appears from the procedural history set forth below in relation to respondent's motion for a penalty under section 6673, there is every reason to believe that petitioner's default was willful and was a continuation of his history of willful and flagrant disregard of his tax liabilities. At no time during this proceeding has he offered evidence of any reasonable dispute with respect to the facts alleged and relied on by respondent.

Respondent's specific allegations, generally supported by the evidence deemed stipulated, set forth sufficient facts for respondent to carry his burden of proof. Failure to file returns, failure to report income over a period of years, failure to pay tax over a period of years, and concealment of assets are common badges of fraud. See, e.g., Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Under these circumstances, respondent's burden of proof is satisfied. See Smith v. Commissioner, supra. Respondent's motion for default judgment should be granted, and the deficiencies and additions to tax determined by respondent should be sustained in full.

Respondent's Motion Under I.R.C. Section 6673

The stipulated evidence establishes that petitioner filed so-called "Fifth Amendment" Forms 1040 for the years in issue; that he was advised promptly by the Internal Revenue Service that the Forms 1040 were not proper tax returns; that he was convicted of failure to file tax returns for 2 of the 3 years in issue; and that he failed to comply with the terms of probation requiring him to file proper tax returns and, as a result, was sentenced to prison. Throughout this proceeding, however, petitioner has contended that he was not required to file tax returns for the years in issue. Petitioner filed a frivolous reply to the answer, a frivolous response to requests for admissions, and a frivolous response to the Court's Order to Show Cause under Rule 91(f)(2). In an Order deeming certain matters stipulated, the Court stated:

> we have concluded in this Order that a substantial number of petitioner's responses were "evasive or not fairly directed" to the proposed stipulation. Should petitioner persist in conducting the litigation in this manner, further sanctions may be imposed. Petitioner's attention is directed to Section 6673(a) of the Internal Revenue Code, which provides that whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or the taxpayer's position is frivolous or groundless, the Court may require the taxpayer to pay a penalty of up to $25,000. [Order dated January 29, 1998.]

Less than 3 weeks after the date of that Order, petitioner served on respondent frivolous requests for admissions repeating his allegations that his compensation was not taxable income.

Shortly before trial, petitioner attempted to withdraw his petition, again asserting a variety of frivolous arguments.

Notwithstanding repeated warnings, petitioner persisted in ignoring the facts and law applicable to his case.  His conduct was patently willful.  Because he was on notice of the lack of merit to his claims, his positions were taken in bad faith.  We conclude that petitioner's conduct in this case justifies a penalty under section 6673 in the amount of $15,000.  See Granado v. Commissioner, 792 F.2d 91 (7th Cir. 1986), affg. T.C. Memo. 1985-237; Sloan v. Commissioner, 102 T.C. 137, 148-149 (1994), affd. 53 F.3d 799 (7th Cir. 1995); Singer v. Commissioner, T.C. Memo. 1990-222, affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

Both of respondent's motions will be granted.

An appropriate order and decision will be entered.