114 T.C. No. 8

UNITED STATES TAX COURT

STEPHEN W. WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23179-97.                    Filed March 1, 2000.

P mailed two Forms 1040, U.S. Individual Income
Tax Return, for 1991 to the IRS.  The first Form 1040
included a deduction for "Non Taxable Compensation"
equal to P's total income, and P failed to sign it.  P
stipulated that this Form 1040 is not a valid return.
In the second Form 1040, P reported taxes owed of
$36,621.  P however attached a disclaimer statement to
the second Form 1040 stating that he denied all tax
liability and did not admit that the stated amount of
tax was due.
    <u>Held</u>:  P is liable for the deficiency.
    <u>Held</u>, <u>further</u>, P's second Form 1040 is not a valid
return; therefore, P is not liable for the accuracy-
related penalty pursuant to sec. 6662(a), I.R.C.
    <u>Held</u>, <u>further</u>, P is liable for the addition to tax
pursuant to sec. 6651(a)(1), I.R.C.
    <u>Held</u>, <u>further</u>, P is liable for a penalty under
sec. 6673, I.R.C.

Stephen W. Williams, pro se.

M. Kathryn Bellis and Marion S. Friedman, for respondent.

OPINION

VASQUEZ, Judge: Respondent determined a deficiency of $42,934, an addition to tax pursuant to section 6651(a)(1) of $9,492, and an accuracy-related penalty pursuant to section 6662(a) of $8,587 in petitioner's 1991 Federal income tax.[1]

Pursuant to Rule 122, the parties submitted this case fully stipulated. The stipulations of fact, the supplemental stipulations of fact, and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Spring, Texas.

After concessions,[2] the issues for decision are: (1) Whether petitioner is liable for the deficiency determined by respondent in petitioner's 1991 taxes; (2) whether petitioner's Form 1040, U.S. Individual Income Tax Return, containing a disclaimer statement constituted a valid return, and if so, whether petitioner is liable for a penalty pursuant to section 6662; (3) whether petitioner is liable for an addition to tax

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1991, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioner is entitled to a head of household filing status and a dependency exemption deduction for his son, Steve W. Williams.

pursuant to section 6651(a)(1); and (4) whether petitioner is liable for a penalty pursuant to section 6673.

Background

During 1991, petitioner was employed as a veterinarian by Stephen W. Williams P.C., an S corporation (Williams P.C.). Petitioner received extensions of time for filing his 1991 income tax return until October 15, 1992.

On October 1, 1994, petitioner mailed a Form 1040 for 1991 to the Internal Revenue Service (IRS). Petitioner altered the Form 1040 (altered 1040) by marking through the captions on lines 7 and 18 and typing his own caption, "Non Taxable Compensation". Petitioner reported income of $20,500 and $135,861 on lines 7 and 18, respectively. Next, petitioner whited out the captions on lines 24a and b and typed in "Non Taxable Compensation Eisner v. Macomber 252 U.S. 189". Petitioner reported a deduction of $156,861 on line 24a, which brought his adjusted gross income to $0. Petitioner did not sign the altered 1040.

The IRS treated the altered 1040 as a frivolous return under section 6702 and fined petitioner $500. Petitioner stipulated that the altered 1040 was a frivolous return and not a return within the meaning of section 6501(a).

On November 21, 1996, petitioner mailed another Form 1040 (disclaimer 1040) for 1991 to the IRS. On the disclaimer 1040, petitioner reported adjusted gross income of $150,852 consisting

of wages of $20,500, taxable interest income of $14, a capital loss of ($2,986), and rents and partnership income of $133,324. Petitioner reported a total tax of $41,586 and an amount owed of $36,621. Petitioner, this time, did not strike or change any language on the form. Instead, beside the amount owed reported on line 64, petitioner placed an asterisk. At the bottom of the page, petitioner stated that the asterisk denoted "The admitted liability is zero. See attached Disclaimer Statement." The attached disclaimer statement (the disclaimer) read in part:

> The above named taxpayer respectfully declines to volunteer concerning assessment and payment of any tax balance due on the return or any redetermination of said tax. Be it known that the above said taxpayer, therefore, denies tax liability and does not admit that the stated amount of tax on return is due and collectable. * * *

Petitioner signed the disclaimer 1040.

Except for the altered 1040 and the disclaimer 1040, petitioner did not mail to or file with the IRS any other Forms 1040 for 1991.

During 1991, petitioner received income and incurred losses as follows:

| | |
|---|---|
| Wages from Williams P.C. | $20,500 |
| Interest from Vista Properties (Vista) | 14 |
| Interest from Charles Schwab | 3 |
| Net short term capital loss | (2,986) |
| Rents from Williams P.C. | 29,000 |
| Nonpassive loss from Vista | (1,637) |
| Nonpassive income from Williams P.C. | 105,961 |
| Rents from Summit Outdoor Advertising (Summit) | 900 |

Discussion

I. Deficiency Liability

Petitioner does not challenge either the facts on which respondent's determination is based or respondent's calculation of tax.  In fact, respondent based the computation of the deficiency on the amounts reported by petitioner on the altered 1040 and the disclaimer 1040.  Petitioner, nevertheless, contends he is not liable for the deficiency.  Petitioner claims that (1) he did not volunteer to self-assess or pay his taxes, and he therefore cannot be held liable for any deficiency; (2) his income is not from any of the sources listed in section 1.861-8(a), Income Tax Regs., and thus is not taxable; and (3) the notice of deficiency was improperly issued because petitioner disclaimed the tax liability shown on the return.

Petitioner's arguments are reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts.  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Accordingly, we conclude that petitioner is liable for the deficiency determined by respondent.

II. Accuracy-related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for his

underpayment of tax attributable to negligence or disregard of rules or regulations. The penalty under section 6662(a) applies only where a return has been filed. See sec. 6664(b). We therefore must determine whether the disclaimer 1040 constitutes a valid return.

Generally, pursuant to section 6011(a), taxpayers are required to file returns that conform to the forms and regulations prescribed by the Secretary. See sec. 1.6011-1(a), Income Tax Regs. The Form 1040 is the form prescribed by the Secretary for use by individual taxpayers in filing returns. See Steines v. Commissioner, T.C. Memo. 1991-588.

Section 6065 requires returns to contain or be verified by a written declaration that they are made under the penalties of perjury. To facilitate a taxpayer's compliance with this requirement, the Form 1040 contains a preprinted jurat.[3] By signing the jurat included within the Form 1040, a taxpayer satisfies the requirement that his return be executed under penalty of perjury. See Sloan v. Commissioner, 102 T.C. 137, 146-147 (1994), affd. 53 F.3d 799 (7th Cir. 1995); Sochia v. Commissioner, T.C. Memo. 1998-294.

The U.S. Supreme Court has also held that certain documents

---

[3] The jurat is the portion of the Form 1040 which reads: "Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete."

drafted by taxpayers that do not comply with the forms prescribed by the Secretary will nevertheless be treated as valid returns, for purposes of the statute of limitations, if they contain certain elements. See Badaracco v. Commissioner, 464 U.S. 386 (1984); Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944); Zellerbach Pager Co. v. Helvering, 293 U.S. 172 (1934); Lucas v. Pilliod Lumber Co., 281 U.S. 245 (1930); Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453 (1930). In Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986), we summarized the Supreme Court's test for a valid return as follows:

> First, there must be sufficient data to calculate [the]
> tax liability; second, the document must purport to be
> a return; third, there must be an honest and reasonable
> attempt to satisfy the requirements of the tax law; and
> fourth, the taxpayer must execute the return under
> penalties of perjury.

The fourth requirement is the same requirement found in section 6065 and can be satisfied by signing the jurat on the Form 1040.

In Beard, we applied the Supreme Court's test in our analysis of whether the document at issue was a tax return for purposes of section 6651(a)(1). See id.; see also Martin Fireproofing Profit Sharing Plan & Trust v. Commissioner, 92 T.C. 1173 (1989) (applying Beard in section 6033 context); Dunham v. Commissioner, T.C. Memo. 1998-52 (applying Beard in the section 6651(f) context). We see no reason why the same test should not apply in determining whether a document constitutes a tax return

for purposes of section 6662(a).

We first determine whether the disclaimer 1040 complies with the form prescribed by the Secretary.  Although petitioner used a Form 1040, petitioner added the disclaimer to the form.  Respondent contends that the addition of the disclaimer to the Form 1040 vitiated petitioner's signature under the jurat.

In the past, we have analyzed the effect of tax protesters' alterations to the Form 1040, and in particular to the jurat, and determined whether the altered Form 1040 constituted a valid return.  In the beginning, tax protesters simply crossed out the entire text of the jurat, and we held that the Forms 1040 were not valid returns.  See Cupp v. Commissioner, 65 T.C. 68, 78-79, affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); see also Mosher v. Internal Revenue Service, 775 F.2d 1292, 1294 (5th Cir. 1985)(per curiam).  Next, tax protesters deleted particular words from the jurat such as "under penalties of perjury" and/or "true, correct, and complete".  In those cases, we held that the Forms 1040 did not constitute valid returns.  See Sochia v. Commissioner, supra; Jenkins v. Commissioner, T.C. Memo. 1989-617.

Recently, tax protesters have begun to add to rather than strike out the text of the jurat.  We have generally found that the addition of language to the jurat invalidated the Form 1040

as a return.[4]  See <u>Andrews v. Commissioner</u>, T.C. Memo. 1999-281; <u>Hodge v. Commissioner</u>, T.C. Memo. 1998-242; <u>Counts v. Commissioner</u>, T.C. Memo. 1984-561.  For example, in <u>Sloan v. Commissioner</u>, <u>supra</u> at 141, immediately following the preprinted text of the jurat and immediately above the taxpayer's signature (i.e., within the jurat box), the taxpayer wrote "Denial and Disclaimer attached as part of this Form."  The following statement was attached to the Form 1040:

---

[4]  We note that some courts have found that the addition of protest language to the Form 1040 will not invalidate the form as a return.  In <u>McCormick v. Peterson</u>, 73 AFTR 2d 94-597, 94-1 USTC par. 50,026 (E.D.N.Y. 1993), the court held that the addition of the words "under protest" to the jurat did not alter the meaning of the jurat and thus did not invalidate the Form 1040 as a return; see also <u>Berger v. Commissioner</u>, T.C. Memo. 1996-76 (holding the addition of a disclaimer statement which declared that the return was signed "under duress by court order" did not alter the jurat in such a way as to invalidate the return); <u>Todd v. United States</u>, 849 F.2d 365, 367 (9th Cir. 1988) (holding that the addition of the words "signed involuntarily under penalty of statutory punishment" below the jurat did not make the Form 1040 a frivolous return under section 6702).  But see <u>In re Schmitt v. United States</u>, 140 Bankr. 571, 572 (Bankr. W.D. Okla. 1992) (holding the addition of the words "signed under duress see statement attached" to the jurat invalidated the return).

DENIAL AND DISCLAIMER
OF LORIN G. SLOAN
FOR THE YEAR

I submit this "Denial and Disclaimer" as an attachment to the IRS Form 1040 for the year stated above. I deny that I am liable or made liable for any "1040 income tax" for the above stated year. I claim all of my rights and waive none of them merely for exercising my right to work. I submit the 1040 form to prevent the further theft of my property and loss of my liberty. My signature on the form is not an admission of jurisdiction or submission to subject status. I "disclaim liability" for any tax shown on the form. [Id. at 141.]

We stated in Sloan that the above "Denial and Disclaimer" statement "[raised] serious questions about whether petitioner [was] 'denying' the accuracy of the information contained in the return, 'disclaiming' the jurat altogether, or simply protesting the tax laws." Id. at 145. We held that, by adding the disclaimer to the jurat, the return was invalidated.

In affirming our decision in Sloan, the U.S. Court of Appeals for the Seventh Circuit stated in part:

It is a close question whether the "Denial & Disclaimer" should be interpreted in this light--that is, as an attempt to retract or qualify the jurat. * * * But we think that the Internal Revenue Service should be entitled to construe alterations of the jurat against the taxpayer, at least when there is any doubt. * * * The government receives tens of millions of tax returns and if taxpayers start embellishing the jurat the staggering task of processing all these returns may become entirely unmanageable. [Sloan v. Commissioner, 53 F.3d at 800.]

Against the foregoing backdrop, we consider for the first time whether disclaimer language added outside the jurat box invalidates the Form 1040 as a return because it fails to comply

with the form prescribed by the Secretary. Petitioner argues that his disclaimer is "nowhere near the jurat;" therefore, he executed a valid return.

It is true that petitioner has carefully avoided adding language within the jurat box. We, however, believe that this is just another attempt by a taxpayer to alter the essence of the jurat and the Form 1040 without actually tampering with the preprinted form. While not physically deleting, altering, or adding words to the jurat, the disclaimer negated the meaning of the jurat. The jurat states that the signatory declares, under penalties of perjury, that the return is true, correct, and complete. The disclaimer at a minimum calls into question the veracity, accuracy, and completeness of the disclaimer 1040 and can be construed as a denial of the jurat altogether. Although petitioner physically signed the return below the jurat, his disclaimer, in effect, vitiated his verification of the truthfulness of the return as required by the regulations prescribed by the Secretary and by section 6065.

We have previously stated that the acceptance of documents which vary from the form prescribed by the Secretary

> adversely affects the form's useability by respondent. The tampered form, * * *, must be handled by special procedures and must be withdrawn from normal processing channels. * * *, it substantially impedes the Commissioner's physical task of handling and verifying tax returns. * * * [Beard v. Commissioner, 82 T.C. at 776-777.]

See also Reiff v. Commissioner, 77 T.C. 1169, 1177 (1981). We

refuse to require respondent to engage in guessing games to determine what disclaimers like this one mean. To require such would drastically hinder the Commissioner's ability to process returns effectively and efficiently. We find that the disclaimer 1040 does not comport with the form prescribed by the Secretary.

The disclaimer 1040 may, nevertheless, be treated as a valid return if it contains the four elements outlined in the Supreme Court's test. Under the Supreme Court's test, in order for a document to be a valid return, a taxpayer must execute the document under penalties of perjury. As we found above, by his disclaimer, petitioner altered the meaning of the jurat to the extent that it cannot be said that petitioner executed the document under penalties of perjury.

Additionally, under the Supreme Court's test, there must be an honest and reasonable attempt to satisfy the requirements of the tax laws. The disclaimer contained tax protester legal gibberish that has been consistently rejected by courts. Petitioner's denial of tax liability and refusal to self-assess does not evidence a reasonable attempt to satisfy his obligation to file a return under the tax laws. We find that petitioner has not filed a valid return under the Supreme Court's test.

We conclude that the disclaimer 1040 does not constitute a valid return; therefore, petitioner is not liable for the penalty pursuant to section 6662(a).

III. <u>Addition to Tax</u>

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  The taxpayer has the burden of proving the addition is improper.  See Rule 142(a); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).  The amount added to the tax under this section is 5 percent for each month or faction thereof during which the return is late, up to a maximum of 25 percent.  See sec. 6651(a)(1).

The due date for petitioner's 1991 return, as extended, was October 15, 1992.  Petitioner stipulated that the altered 1040 was mailed on October 1, 1994, almost 2 years late.  Petitioner mailed the disclaimer 1040 on November 21, 1996.  Regardless of whether either of these forms was a valid return, neither was filed within 5 months of the extended due date.  Petitioner offered no evidence showing that his failure to file timely was due to reasonable cause and not due to willful neglect.  Accordingly, we hold petitioner is liable for the maximum addition to tax under section 6651(a)(1).

IV.  <u>Frivolous Suit</u>

Under section 6673, this Court may require a taxpayer to pay a penalty not to exceed $25,000 if the taxpayer takes a frivolous position in the proceeding or institutes the proceeding primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner's arguments concerning the underlying deficiency amount to tax protester rhetoric and are manifestly frivolous and groundless. He has wasted the time and resources of this Court.  Accordingly, we shall impose a penalty of $5,000 pursuant to section 6673.

To the extent not herein discussed, we have considered the parties' other arguments and found them to be meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.