T.C. Memo. 2003-223


UNITED STATES TAX COURT


RICHARD WOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12651-02.                Filed July 29, 2003.


Richard Wos, pro se.

<u>Thomas D. Yang</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, and additions to, petitioner's Federal income tax
(tax):

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1996 | $62,718 | $13,661.55 | $3,946.67 | $3,164.00 |
| 1997 | 42,929 | 3,893.63 | 2,941.85 | 2,296.75 |

The issues remaining for decision are:[2]

(1) Is the net profit for each of the years at issue from petitioner's washing machine repair business subject to tax?  We hold that it is.

(2) Is the pension income that petitioner received during 1997 subject to tax?  We hold it is.

(3) Is petitioner liable for 1997 for the 10-percent additional tax under section 72(t)(1) with respect to the pension income that he received during that year?  We hold that he is.

(4) Is petitioner liable for each of the years at issue for an addition to tax under section 6651(a)(1)?  We hold that he is.

(5) Is petitioner liable for each of the years at issue for

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Before trial, the parties filed a stipulation of settled issues setting forth their agreement as to the disposition of certain determinations in the notice of deficiency (notice) that respondent issued to petitioner for the years at issue.  After trial, respondent conceded the determinations in the notice under sec. 6651(a)(2).

In addition to the issues remaining for decision listed below, there are other questions relating to certain determinations in the notice that are computational in that their resolution flows automatically from our resolution of the remaining issues that we address herein, from the parties' stipulation of settled issues, and from respondent's concession of the determinations under sec. 6651(a)(2).

an addition to tax under section 6654(a)?  We hold that he is.

Background

Some of the facts have been deemed established pursuant to the Court's Order under Rule 91(f) dated March 13, 2003.  In addition, the record establishes and/or the parties do not dispute the following.[3]

At the time he filed the petition in this case, petitioner's address was in Morton Grove, Illinois.

During 1996 and 1997, petitioner was engaged in a washing machine repair business from which he had net profit of $30,200.31 and $30,227.02, respectively.

On April 18, 1996, respondent received from petitioner an estimated tax payment for 1996 in the amount of $2,000.

On April 17, 1997, respondent received from petitioner a payment of $25,624 with respect to his taxable year 1996 and a document dated April 12, 1997 (petitioner's document for 1996). Respondent did not receive from petitioner any tax return or other document pertaining to his taxable year 1997.

Petitioner's document for 1996 consisted of Form 1040, U.S. Individual Income Tax Return (Form 1040), for 1996 from which petitioner had stricken much of the preprinted language, includ-ing the declaration that appeared above the place for the tax-

---

[3]At trial, the parties called no witnesses, and respondent introduced into the record certain exhibits.

payer's signature, and on which petitioner had made certain entries and had written certain language, including the phrase "Without Prejudice" that appeared above his signature on that document. In petitioner's document for 1996, petitioner showed $9,237 of interest, $1,632 of dividend, $97,284 of capital gain, $-803 with respect to rental real estate, and tax due of $25,624. Petitioner did not include in petitioner's document for 1996 Schedule C, Profit or Loss From Business (Schedule C), or any other schedule showing receipts and expenses with respect to the washing machine repair business that petitioner conducted during 1996.

Respondent did not file petitioner's document for 1996 as petitioner's tax return for that year. Nor did respondent file a tax return for petitioner for 1997.

Respondent issued to petitioner a notice for his taxable years 1996 and 1997. In that notice, respondent determined, inter alia, that petitioner had Schedule C net profit subject to tax of $67,703 and $116,306 for 1996 and 1997, respectively. Respondent further determined in the notice that during 1997 petitioner received pension income of $3,852 and that he is liable for that year for the 10-percent additional tax under section 72(t)(1) on that income (i.e., a 10-percent additional tax under section 72(t)(1) of $385). Respondent also determined in the notice that petitioner is liable for each of the years at

issue for additions to tax under sections 6651(a)(1) and 6654(a).

On March 7, 2003, petitioner submitted a document to the Court entitled "Trial Memorandum of Petitioner" that the Court had filed (petitioner's trial memorandum). Petitioner's trial memorandum contained various statements, contentions, and arguments with respect to what constitutes income for tax purposes that the Court found in an Order dated March 10, 2003 (March 10, 2003 Order) to be frivolous and groundless. In the Court's March 10, 2003 Order, the Court reminded petitioner about section 6673(a)(1) and informed him that if he continued to advance frivolous and/or groundless statements, contentions, and arguments, the Court would be inclined to impose a penalty on him under section 6673(a)(1).

## Discussion

Respondent concedes that the examination of the years at issue commenced after July 22, 1998. Consequently, respondent has the burden of production under section 7491(c) with respect to the additions to tax determined in the notice under sections 6651(a)(1) and 6654(a). As for whether petitioner's burden under Rule 142(a) and Welch v. Helvering, 290 U.S. 111, 115 (1933), of proving error in respondent's determinations relating to his net profit for each of the years at issue from his washing machine repair business, his pension income for 1997, and the 10-percent additional tax under section 72(t)(1) has shifted to respondent

under section 7491(a), respondent maintains that that burden has not shifted.  That is because, according to respondent, petitioner failed to comply with section 7491(a)(2)(A) and (B).  Petitioner takes no position as to whether his burden of proof has shifted to respondent under section 7491(a) with respect to the determinations in question.  We conclude that resolution of those determinations does not depend on who has the burden of proof with respect to them.  We now turn to those determinations.

Petitioner acknowledges (1) that he has net profit for 1996 and 1997 from his washing machine repair business in the amounts of $30,201[4] and $30,227,[5] respectively, and (2) that he has pension income for 1997 of $3,852.  However, it is petitioner's position that neither his net income for each of the years at issue from his washing machine repair business nor his pension income for 1997 is subject to tax.

In support of his position with respect to his net profit for each of the years at issue from his washing machine repair business, petitioner argues, inter alia, that that profit was "directly derived from the exchange of Petitioner's personal

---

[4]Petitioner rounded his net profit for 1996 from his washing machine repair business to $30,201.  According to the parties' stipulation of settled issues, the actual net profit for 1996 from that business is $30,200.31.

[5]Petitioner rounded his net profit for 1997 from his washing machine repair business to $30,227.  According to the parties' stipulation of settled issues, the actual net profit for 1997 from that business is $30,227.02.

property (labor and time)" and that such profit, which petitioner refers to as "non-statutory wages", is not subject to tax. In support of his position with respect to his pension income for 1997, petitioner argues that, because such income "was derived from non-statutory wages of previous years * * * the withdrawal of the earlier deposited non-statutory wages, which are non taxable funds, does not convert them to taxable gross income."[6]

Petitioner's position that his net profit for each of the years at issue from his washing machine repair business and his pension income for 1997 are not subject to tax is frivolous and groundless. On the record before us, we hold that petitioner's net profit for each of the years at issue from his washing machine repair business is subject to tax. We further hold on that record that petitioner's pension income for 1997 is subject to tax and that petitioner is liable for that year for the 10-percent additional tax under section 72(t)(1) on such pension income.

We turn now to the addition to tax under section 6651(a)(1) that respondent determined for each of the years at issue. With respect to 1996, petitioner contends that petitioner's document

[6]Petitioner introduced no evidence and makes no argument about the 10-percent additional tax under sec. 72(t)(1) for 1997 that respondent determined in the notice. We presume that it is petitioner's position that he should not be liable for that additional tax because it is his position that his pension income for 1997 is not subject to tax.

for 1996 that respondent received from him on April 17, 1997, constitutes a tax return for that year and that consequently he filed a tax return for 1996. With respect to 1997, petitioner suggests that he filed a tax return for that year, but he "does not recall the date he filed and did not retain a copy of his tax return."[7] On the instant record, we reject petitioner's position regarding the additions to tax under section 6651(a)(1) for the years at issue. The record establishes that respondent did not file petitioner's document for 1996 as petitioner's tax return for that year and that petitioner did not submit to respondent any document that respondent filed as petitioner's tax return for 1997.

With respect to petitioner's document for 1996, respondent's explanation as to why respondent did not file that document as petitioner's tax return for 1996 is that petitioner did not sign that document under penalties of perjury, as required by section 6065. We agree with respondent's decision not to file petitioner's document for 1996 as his tax return for that year. Although petitioner claims that he intended petitioner's document for 1996 to be his tax return for that year, he did not sign that

---

[7]Petitioner argues that, regardless of whether and when he filed a tax return for 1997, the issue under sec. 6651(a)(1) is moot as to 1997 because he was not required to file a return for that year. On the instant record, we disagree.

document under penalties of perjury.[8]  On the instant record, we find that petitioner's document for 1996 is not a valid tax return for that year.  See <u>United States v. Moore</u>, 627 F.2d 830, 834 (7th Cir. 1980); <u>Williams v. Commissioner</u>, 114 T.C. 136, 139-140 (2000); <u>Sloan v. Commissioner</u>, 102 T.C. 137, 143 (1994), affd. 53 F.3d 799 (7th Cir. 1995); <u>Cupp v. Commissioner</u>, 65 T.C. 68, 78-79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977).  On the record before us, we find that respondent has carried respondent's burden of production with respect to the additions to tax under section 6651(a)(1) for the years at issue. On that record, we further find that petitioner is liable for each of those years for such an addition to tax.

With respect to the addition to tax under section 6654(a) that respondent determined for each of the years at issue, the record establishes that on April 18, 1996, petitioner made an estimated tax payment for 1996 of $2,000[9] and that petitioner made no estimated tax payments for 1997.[10]  On the record before us, we find that respondent has satisfied respondent's burden of

---

[8]Petitioner struck from Form 1040 for 1996 that he used in preparing petitioner's document for 1996, inter alia, the declaration that appeared above the place where he signed that document.

[9]On Apr. 17, 1997, respondent also received a payment of $25,624 from petitioner with respect to his taxable year 1996.

[10]The record also establishes that petitioner reported total tax of $11,477 in the tax return that he filed for 1995.

production with respect to the additions to tax under section 6654(a) for the years at issue. On that record, we further find that petitioner has failed to establish that any of the exceptions in section 6654(e) apply in the instant case. On the record before us, we find that petitioner is liable for each of the years at issue for an addition to tax under section 6654(a).

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), the Court will sua sponte determine whether to impose such a penalty. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that the taxpayer's position in a proceeding before the Court is frivolous or groundless, sec. 6673(a)(1)(B).

In the Court's March 10, 2003 Order, at the call of this case from the calendar on March 24, 2003, and at the call of this case on that date for trial, the Court reminded petitioner about section 6673(a)(1) and indicated that, in the event petitioner continued to make statements, contentions, and arguments as to why his net profit for each of the years at issue from his washing machine repair business and his pension income for 1997 are not subject to tax that the Court finds to be frivolous and/or groundless, the Court would be inclined to impose a penalty under that section. Nonetheless, petitioner continued to

adhere to those statements, contentions, and arguments at trial and after trial, thereby causing the Court to waste its limited resources in addressing such matters. As a result of petitioner's position that his net profit for each of the years at issue from his washing machine repair business and his pension income for 1997 are not subject to tax, we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $3,000.

We have considered all of petitioner's statements, contentions, and arguments that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.