T.C. Memo. 2009-215


UNITED STATES TAX COURT


PEDRO JUAN RIVERA, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12592-08.                    Filed September 16, 2009.


      P failed to report wage income that he received in
2000.  R determined a deficiency and additions to tax
pursuant to secs. 6651(a)(1) and (2) and 6654(a), I.R.C.

      <u>Held</u>: P is liable for the deficiency and the additions
to tax.  P is also liable for a penalty under sec.
6673(a)(1), I.R.C.


Pedro Juan Rivera, pro se.

<u>Lauren B. Epstein</u>, <u>Robert W. Dillard</u>, and <u>Lynn M. Curry</u>, for
respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of an alleged $2,952 Federal income tax deficiency and additions to tax that respondent determined for petitioner's 2000 tax year.  The issues for decision are:

(1) Whether petitioner was required to include $26,881 in wages in his 2000 gross income;

(2) whether petitioner is liable under section 6651(a)(1)[1] for a $549.22 addition to tax;

(3) whether petitioner is liable under section 6651(a)(2) for a $610.25 addition to tax;

(4) whether petitioner is liable under section 6654(a) for a $128.19 addition to tax; and

(5) whether the Court should impose a penalty on petitioner under section 6673(a)(1).

## FINDINGS OF FACT

At the time petitioner filed his petition, he resided in Florida.  In 2000 petitioner worked for Terminix International Co., LP (Terminix), and received $26,881.26 in wages.  He did not file a Federal income tax return for 1999 or 2000 and did not make any estimated tax payments in 2000.  In November 2007

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

respondent prepared a section 6020(b) substitute for return for petitioner's 2000 tax year. Respondent issued a notice of deficiency on February 25, 2008, and petitioner filed a timely petition with this Court on May 23, 2008. A trial was held on January 13 and 16, 2009, in Tampa, Florida.

OPINION

I. Whether Petitioner Had Unreported Income

Generally the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, the Court of Appeals for the Eleventh Circuit, to which an appeal in this case would lie absent stipulation to the contrary, has held that the presumption of correctness does not attach unless the Commissioner introduces some evidence linking the taxpayer to the alleged income-producing activity. See Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), affg. T.C. Memo. 1991-636.

Respondent has sufficiently linked petitioner to an income-producing activity by introducing into evidence (1) a 2000 Form W-2, Wage and Tax Statement, reflecting that Terminix paid petitioner $26,881.26 in wages, (2) copies of paychecks that Terminix sent to petitioner in 2000 and that petitioner endorsed, and (3) payroll registers reflecting the wages Terminix paid petitioner in 2000. Thus petitioner has the burden to prove that

the deficiency was arbitrary or erroneous.[2]  See <u>Blohm v. Commissioner</u>, <u>supra</u> at 1549.

Petitioner has not met his burden.  He did not testify at trial, did not present any witnesses or evidence, and did not file a brief despite being given the opportunity to do so. Although he argues that respondent failed to prove he is the Pedro Juan Rivera to whom Terminix paid $26,881.26 in wages, he admits that his Social Security number appears on the Form W-2, the paychecks, and the payroll registers that respondent introduced into evidence.  Petitioner's argument is without merit as are his other arguments, which are so frivolous that they do not warrant discussion.[3]  See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.").  Because petitioner has not met his burden of proof, we sustain respondent's deficiency determination.

---

[2]Although sec. 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioner has not satisfied the prerequisites under sec. 7491(a)(1) and (2) for such a shift.

[3]For example, petitioner argues that (1) the notice of deficiency was invalid because it was not properly authorized, (2) he was not a taxpayer, and (3) that respondent failed to validate that he had a tax debt.  None of these arguments has any merit.

## II.  Additions to Tax

Respondent determined that petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a). Pursuant to section 7491(c), respondent has the burden of production with respect to these additions to tax and is therefore required to "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). However, "once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect."  Id. at 447.

### A.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  Respondent satisfied the burden of production by introducing into evidence a Form 3050, Certification of Lack of Record, reflecting that respondent has no record of petitioner having filed a Federal income tax return for 2000.  See Davis v. Commissioner, T.C. Memo. 2005-160 n.10, affd. 244 Fed. Appx. 532 (4th Cir. 2007).  Petitioner has not shown that the Form 3050 was irregular and has not presented any evidence to suggest that his failure to file was due to

reasonable cause.  Accordingly, we sustain respondent's imposition of the addition to tax under section 6651(a)(1).

B.  <u>Section 6651(a)(2) Addition to Tax</u>

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return.

> The Commissioner's burden of production with respect to the section 6651(a)(2) addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question.  In a case such as this where the taxpayer did not file a return, the Commissioner must introduce evidence that an SFR [substitute for return] satisfying the requirements of section 6020(b) was made.  See <u>Cabirac v. Commissioner</u>, * * * [120 T.C. 163 (2003)].  * * *

<u>Wheeler v. Commissioner</u>, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  The section 6651(a)(2) addition to tax is not imposed if the taxpayer proves that the failure to pay is due to reasonable cause and not willful neglect.

Under section 6651(g)(2), a return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining the amount of an addition to tax under section 6651(a)(2).  To constitute a section 6020(b) return, "the return must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'."  <u>Spurlock v. Commissioner</u>, T.C. Memo. 2003-124.

Although petitioner did not file a Federal income tax return for 2000, respondent introduced into evidence a document that qualifies as a section 6020(b) return for that year. See <u>Wheeler v. Commissioner</u>, <u>supra</u> at 208-210. The document contains a November 19, 2007, "Proposed Individual Income Tax Assessment", which lists petitioner's name, address, and Social Security number and which provides sufficient information to compute his tax liability. The document also contains an "IRC Section 6020(b) ASFR Certification", which states that the certification along with the information identified in it "shall be treated as the return filed by the taxpayer for purposes of determining the amount of the additions to tax under paragraphs (2) and (3) of section 6651(a)."

Because petitioner did not pay the entire tax liability as shown on the section 6020(b) return, respondent has met the burden of production with respect to the section 6651(a)(2) addition to tax. Further, petitioner has not demonstrated or introduced any evidence that his failure to pay is due to reasonable cause and not willful neglect. We therefore sustain respondent's imposition of the addition to tax under section 6651(a)(2).

C. <u>Section 6654(a) Addition to Tax</u>

Section 6654(a) imposes an addition to tax on individual taxpayers who underpay their estimated income tax. The

Commissioner's burden of production under section 7491(c) with respect to that addition to tax requires the Commissioner, at a minimum, to produce evidence that a taxpayer was required to make an annual payment under section 6654(d)(1)(B). See <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211. The amount of any required annual payment is the lesser of (1) 90 percent of the tax shown on the individual's return for the year or, if no return is filed, 90 percent of the individual's tax for such year, or (2) if the individual filed a return for the immediately preceding tax year, a fixed percentage of the tax shown on that return. Sec. 6654(d)(1)(B).

Respondent has met the burden of production with respect to the section 6654(a) addition to tax. Because petitioner failed to file Federal income tax returns for 1999 and 2000 as shown by the two Forms 3050 respondent introduced into evidence, his required annual payment of estimated tax for 2000 was 90 percent of his tax for that year. See <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211-212. Petitioner did not make his required estimated tax payment for 2000.[4] Moreover, he does not fit within any of the

[4]Petitioner's 2000 Form W-2 reflects $511.52 of Federal income tax withheld. In the notice of deficiency respondent rounded this figure down to $511 but should have rounded it up to $512. In respondent's Rule 155 computations respondent should either correct this rounding error or explain why $511 is the correct figure.

exceptions listed in section 6654(e).[5]  We therefore sustain respondent's imposition of the addition to tax under section 6654(a).

III.  Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless.  "A position maintained by the taxpayer is 'frivolous' where it is 'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'"  Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

On March 3, 2009, respondent moved the Court to penalize petitioner under section 6673(a)(1).  Respondent cites petitioner's failure to cooperate before and during trial as well

_____

[5]Sec. 6654(e) provides two exceptions to the sec. 6654(a) addition to tax.  First, the addition is not applicable if the tax shown on the taxpayer's return for the year in question (or, if no return is filed, the taxpayer's tax for that year), reduced for these purposes by any allowable credit for wage withholding, is less than $1,000.  Sec. 6654(e)(1).  Second, the addition is not applicable if the taxpayer's tax for the full 12-month preceding taxable year was zero and the taxpayer was a citizen or resident of the United States.  Sec. 6654(e)(2).  In light of our earlier conclusion regarding petitioner's wage income, petitioner is liable for a deficiency for 2000 that net of withholding exceeds $1,000.  And, because petitioner failed to file a 1999 Federal income tax return, he has not shown that he had no tax liability in 1999.

the frivolous positions petitioner has taken throughout the proceeding. Respondent also points to petitioner's refusal to stipulate that he is the Pedro Juan Rivera who worked for Terminix in 2000. Petitioner studiously avoided introducing any evidence at all on this issue. This forced respondent to subpoena and call a witness, Greg Harmer, vice president of transaction services, from Terminix's parent corporation, Service Master, to present evidence to prove that fact.[6] The out-of-pocket cost to the Government with respect to Mr. Harmer, including airfare from Memphis, Tennessee, was at least $1,068.[7] On April 15, 2009, petitioner filed a response, which contains a variety of frivolous arguments that we need not mention. See Crain v. Commissioner, 737 F.2d at 1417.

Petitioner's conduct in this case warrants a penalty under section 6673(a)(1). His failure to acknowledge even the most basic facts, such as where he worked and when he worked there,

---

[6]Mr. Harmer testified that

our records show that a person who claimed to be Pedro Rivera and furnishing documents saying they were Pedro Rivera * * *--they had to produce the documents required by an I-9, so a Social Security card and a passport or a driver's license or some other identification--came to our Terminix offices here in Florida in 1997, produced those documents, claimed to be Pedro Rivera, provided the Social Security number that is on these documents, and that we then employed and continued to pay that person from 1997 to 2001.

[7]There were considerable other costs also involved to all of the trial participants from lost time in court and as an expense of operating the Court.

and his repeated assertion of frivolous arguments, particularly his failure to acknowledge that he is the Pedro Juan Rivera who worked at Terminix, were intended to delay and wasted hours of the Court's, respondent's, and respondent's witness's time. These actions also substantially and unjustifiably increased the monetary cost borne by taxpayers who obey the law and promptly pay their taxes.  To make matters worse, the Court repeatedly warned petitioner that he could be penalized under section 6673(a)(1) for his conduct.[8]  He did not heed those warnings.  As a result, we shall impose upon petitioner a $3,000 penalty pursuant to section 6673(a)(1).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.

---

[8]Petitioner contends that the Court's sec. 6673(a)(1) warnings "constrained" him from cooperating with respondent or diligently preparing his case.  That contention, like all of his other arguments, is frivolous and specious.