T.C. Memo. 2017-24

UNITED STATES TAX COURT

WILLIAM NAMEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9982-15.                    Filed January 31, 2017.

<u>John S. Winkler</u>, for petitioner.

<u>Laura A. Price</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency in petitioner's

2009 Federal income tax of $141,676 and additions to tax under sections

6651(a)(1) and 6654 of $31,877.10 and $3,392.05, respectively.[1]  After

_____

[1]  Unless otherwise indicated, all section references are to the Internal

[*2] concessions,[2] the issues for decision are: (1) whether the parties entered into an agreement to settle the instant case; (2) whether petitioner is entitled to deduct a passthrough loss of $47,551; and (3) whether petitioner is liable for an addition to tax under section 6651(a)(1).

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Jacksonville, Florida, at the time he timely filed his petition.

During the year at issue petitioner was a podiatrist in private practice. Petitioner was also one of six shareholders in RMSC, LLC (RMSC). RMSC was a surgery center which closed in 2009.

---

[1](...continued)
Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner conceded that for 2009 he must recognize $430,571 in income from William J. Namen, DPM, PA, $5,923 in income from Unit 110--the Links, LLC, $488 in net rental income, and $18,696 in capital gains. Petitioner also conceded that his wife received $20,343 in wage income and that he and his wife jointly received $93 in taxable interest. Finally, petitioner conceded he is liable for a sec. 6654 addition to tax. Respondent conceded that petitioner is allowed five dependency exemptions and deductions totaling $121,640 for general sales taxes, real estate taxes, home mortgage interest, and charitable contributions.

**[*3]** The parties disagree about whether petitioner filed a return for 2009. However, the record is clear that a substitute for return was prepared for petitioner using third-party information and that a notice of deficiency was issued to him on January 14, 2015. Petitioner timely filed a petition for redetermination.

OPINION

I.    Burden of Proof

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a) shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if the taxpayer meets certain preliminary conditions. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). This case is decided on the preponderance of the evidence and is not affected by the burden of proof or section 7491(a).

II.   Alleged Settlement

Petitioner's counsel, John Winkler, argues on brief that respondent's counsel, Laura Price, offered to settle the instant case following the conclusion of trial. Mr. Winkler further argues that he accepted that offer. Ms. Price disagrees. She states in her answering brief that she "made an oral offer of settlement to * * *

**[*4]** [Mr. Winkler] based on the parties not writing briefs in this case, as well as on petitioner's spouse's consent to the assessment of tax and additions to tax against her." Ms. Price further states that Mr. Winkler did not call to accept the offer until the day that briefs were due and after she had already filed her opening brief. Ms. Price therefore asserts that the filing of her brief effectively revoked her offer.

"A settlement is a contract and, consequently, general principles of contract law determine whether a settlement has been reached." Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 330 (1997), aff'd without published opinion, 208 F.3d 205 (3d Cir. 2000). A contract requires "an objective manifestation of mutual assent to its essential terms", and mutual assent is typically established through an offer and an acceptance. Id.

Apart from the unsworn statements of counsel in their respective posttrial briefs, there is no evidence or credible testimony in the record showing an offer and an acceptance.[3] It is also unclear from the parties' briefs what the terms of the alleged settlement were. We therefore decline to find that the parties entered into a binding settlement agreement.

---

[3] Mr. Winkler did not move to reopen the record, nor did he file affidavits or other documents corroborating his assertions. We also note that Ms. Price did not move to strike Mr. Winkler's unsupported allegations.

[*5] III.     Passthrough Loss

We next address whether petitioner is entitled to deduct an alleged loss of $47,551 attributable to his shareholder interest in RMSC.

As stated earlier, RMSC was a limited liability company with six members. For Federal income tax purposes, an LLC with more than one member is generally treated as a partnership unless it elects to be treated as an association (i.e., a corporation). See sec. 301.7701-3(a) and (b)(1)(i), Proced. & Admin. Regs. There is no evidence in the record that RMSC elected to be treated as a corporation, and both parties refer to RMSC as a partnership for tax purposes. Therefore, we will treat RMSC as a partnership for tax purposes.

A partnership is not subject to Federal income tax at the partnership level; instead, persons carrying on business as partners are liable for income tax only in their separate or individual capacities. Sec. 701; see secs. 702, 704 (providing rules for determining partners' distributive shares), sec. 703 (providing rules for computing taxable income of a partnership). A partner must take into account his or her distributive share of each item of partnership income, gain, loss, deduction, and credit. Sec. 702(a); Vecchio v. Commissioner, 103 T.C. 170, 185 (1994).

Section 704(d) limits the deductibility of a partner's distributive share of partnership losses. Those losses are deductible only to the extent of the adjusted

**[*6]** basis of a partner's interest in the partnership. Id.; Sennett v. Commissioner, 80 T.C. 825, 830 (1983), aff'd, 752 F.2d 428 (9th Cir. 1985). A partner's adjusted basis in the partnership is essentially the partner's contribution to the partnership increased by the partner's distributive share of partnership income and decreased by all cash distributions and the partner's distributive share of partnership losses. Sec. 705(a). If a partner's distributive share of partnership losses is greater than the partner's available adjusted basis, the excess loss cannot be deducted by the partner for that year but must instead be carried forward until the partner has an adjusted basis sufficient to offset the amount of the loss. See sec. 1.704-1(d)(1), Income Tax Regs.

At trial petitioner attempted to establish his basis in his interest in RMSC by testifying regarding his alleged contributions to RMSC. Petitioner also stated that he was personally liable on loans made to RMSC. However, no corroborating documents supporting his testimony were admitted into the record. Petitioner also failed to provide any credible testimony or other evidence regarding the amount of his distributive share of partnership losses and the extent of any prior adjustments to his basis. Under these circumstances, we find petitioner's generally uncorroborated testimony inadequate to establish his basis in RMSC; we also find his testimony inadequate to establish the extent to which he is entitled to a

[*7] distributive share of any losses.  See Hargis v. Commissioner, T.C. Memo. 2016-232, at *29-*30 (finding that loan agreements and generalized testimony are insufficient to establish basis in a membership interest).  Consequently, we hold for respondent on this issue.

IV.    Section 6651(a)(1) Addition to Tax

We next address whether petitioner is liable for a section 6651(a)(1) addition to tax.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.  The addition to tax is 5% of the tax required to be shown on a return for each month, or a fraction thereof, for which there is a failure to file the return, not to exceed 25% in the aggregate.  Id.

Respondent bears the burden of production with respect to petitioner's liability for the addition to tax under section 6651(a)(1).  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447.  Respondent satisfied the burden of production by introducing into evidence a Form 3050, Certification of Lack of Record, showing that respondent has no record of petitioner's having filed a Federal income tax return for 2009.  See Rivera v. Commissioner, T.C. Memo. 2009-215.

**[\*8]** Petitioner counters that respondent's records are incorrect. Petitioner and his accountant, John Edgecombe, both testified that petitioner's 2009 return was filed shortly after November 8, 2010.[4] However, their testimony was conflicting. Mr. Edgecombe testified that he prepared the return and had it delivered to petitioner, who then signed and filed it. Petitioner testified that he and his wife signed the return and gave it back to Mr. Edgecombe to file. The conflicting testimony of petitioner and Mr. Edgecombe is unreliable and not credible, and we therefore decline to find that petitioner's return was filed in November 2010.

Petitioner maintains that even if he did not file a return in November 2010, he should not be liable for the entire addition to tax because Mr. Edgecombe filed a second copy of the return in May 2011. We disagree. Even if a second copy of his return was filed in May 2011, petitioner would still be liable for the full addition to tax under section 6651(a)(1) because it would have fully accrued by the time the return was allegedly filed. See sec. 6651(a)(1) (providing that for each month the failure to file continues, "there shall be added to the amount required to be shown as tax on such return * * * 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25

_____

[4] Petitioner concedes that if we agree and find that the return was filed November 8, 2010, the return would be one month late and he would be subject to a 5% addition to tax for late filing. See sec. 6651(a)(1).

**[*9]** percent in the aggregate"). The extended due date for filing the return was October 15, 2010. The second copy of the return was allegedly filed in May 2011. Therefore, over six months would have passed by the time the second return was filed and the full 25% penalty would have accrued.

Petitioner presented no evidence to suggest that his failure to file was due to reasonable cause. We therefore find that he is liable for an addition to tax under section 6651(a)(1).

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.