# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2010

No. 08-20844

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD DUANE DAVIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before DEMOSS, ELROD, and HAYNES, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Defendant-Appellant Richard Duane Davis appeals from a judgment of conviction on multiple counts of aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. Davis argues on appeal that the government failed to prove beyond a reasonable doubt that he aided and assisted with the preparation of false tax returns and that the district court failed to accommodate his special need for hearing assistance in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. For the following reasons, we affirm.

No. 08-20844

## I. FACTUAL AND PROCEDURAL BACKGROUND

From 1989 until 2006, co-defendant Madison Lee Oden was a senior member of the Sterling McCall Automotive Group, which owned several car dealerships in Houston. Oden met Davis shortly after Oden began working at Sterling McCall. Davis owned and operated a Houston tax-preparation business and Skydive Houston, a skydiving business. During the 1990s and for tax years 2000 through 2002, Davis prepared Oden's personal federal tax returns. Oden signed and filed these returns with the IRS.

In November 1994, the IRS issued a notice of deficiency to Oden that disallowed certain expenses reported on his 1991 Form 1040 for Oden's home-based "auto finance/sales" business. The IRS later audited Oden's 1993 Form 1040, which Davis had prepared, and determined that Oden had failed to substantiate deductions for the alleged losses that his auto finance business and two partnerships, Houston Skydiving Center and Skylakes Aviation, had suffered.

Davis prepared Oden's Forms 1040 for the years 2000 through 2002. These returns contained certain deductions that were similar to those that the IRS had disallowed previously. Davis informed Oden that the returns were correct, and Oden accepted Davis's word without challenge. The returns, however, were false in several respects.

In October 2006, Davis and Oden were charged in a nine-count indictment, with one count of conspiracy to defraud the United States by impeding, impairing, and obstructing the functions of the IRS in violation of 18 U.S.C. §371. Oden was also charged with four counts of filing false federal tax returns for calendar years 1999 through 2002 in violation of 26 U.S.C. § 7206(1), and Davis was charged with four counts of aiding and

2

assisting in the filing of Oden's false returns for calendar years 1999 through 2002, in violation of 26 U.S.C. § 7206(2).[1]

A bench trial began on May 28, 2008. After four days of testimony, the district court found Davis guilty on Counts Seven through Nine for aiding and assisting in the preparation of false tax returns for 2000 through 2002. Davis moved for a new trial, asserting that, because Oden added the phrase "without prejudice" near his signature on the jurats, the Forms 1040 were invalid and therefore could not qualify as tax returns. According to Davis, the government thus failed to prove an essential element of a violation of § 7206(2), namely the filing of a federal tax return.

The district court denied the motion and issued an opinion on the issue of the altered jurats. The district court held that the phrase, "without prejudice," added near Oden's signatures on his Forms 1040 did not negate the jurats. The district court contrasted the addition of the ambiguous phrase to other actions that would defeat the purpose of a tax return, such as obscuring the factual entries or changing the labels. The district court also distinguished Oden's actions from instances where taxpayers struck portions of the jurat or wrote "void" on the return. The district court noted that Oden had no explanation as to why he had added the phrase to his return other than the fact that Davis had instructed him to do so because it was "good practice." The district court dismissed Davis's assertion that the added language reflected that no one can be certain of exactly what the Tax Code requires; the court observed that the jurat addresses only the validity of the data supplied by the taxpayer.

Davis timely appealed, reasserting that Oden's addition of the phrase "without prejudice" rendered the Forms 1040 invalid, and as a result, those forms cannot constitute "tax returns." Davis also argues, for the first time on

---

[1] Count Two, which charged Oden with filing a false tax return for 1999, was dismissed as barred by the statute of limitations.

No. 08-20844

appeal, that the district court failed to accommodate his hearing difficulty in violation of the ADA.

## II. DISCUSSION

*A. Validity of the Forms 1040*

We review the questions as to the proper interpretation of the Internal Revenue Code *de novo.  Estate of Moore v. Comm'r*, 53 F.3d 712, 714 (5th Cir. 1995) (citation omited).

A federal income tax return, Form 1040, "shall contain or be verified by a written declaration that it is made under penalties of perjury." 26 U.S.C. § 6065. Form 1040 contains a jurat that states, in part, "[U]nder the penalties of perjury, I declare that I [the taxpayer] have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete." A taxpayer's signature on a return with a jurat indicates that the taxpayer attests to the accuracy of the reported data. *See Mosher v. Internal Revenue Serv.*, 775 F.2d 1292, 1294 (5th Cir. 1985) (per curiam); *Borgeson v. United States*, 757 F.2d 1071, 1072-73 (10th Cir. 1985) (per curiam).  Without the certification, the IRS cannot "assess the substantial correctness of [the taxpayer's] self-assessment." *Mosher*, 775 F.2d at 1294; *see also Buck v. United States*, 967 F.2d 1060, 1061 (5th Cir. 1992) (per curiam) (failure to sign a Form 1040 precludes the IRS from assessing the form for substantial correctness).

In cases involving the filing of frivolous tax returns,[2] courts have held that tax returns are not valid where a taxpayer has deleted portions of the jurat. *See Ledbetter v. Com'r*, 837 F.2d 708, 709-10 (5th Cir. 1988) (deletion of the phrase "under penalty of perjury" invalidated the tax return); *United States v. Moore*, 627 F.2d 830, 834 (7th Cir. 1980) (obliteration of the jurat invalidated the return). Courts have also held tax returns to be invalid where a taxpayer fails to sign the jurat. *Buck,* 967 F.2d at 1060-61.

This case presents us with a somewhat different question: whether Oden's addition of language on the tax return altered the jurat in such a way so as to invalidate the return. Other courts that have addressed this question have examined whether the additional language amends the meaning of the jurat or merely reflects the taxpayer's exercise of free speech. In *Todd v. United States*, a taxpayer filed a complete Form 1040 and added the phrase "signed involuntarily under penalty of statutory punishment" under the jurat. 849 F.2d 365, 367 (9th Cir. 1988). Despite the additional language, the government conceded that this return was "complete and accurate." *Id* at 368. In contrast, the Seventh Circuit held that a taxpayer's attachment of a specific disclaimer of liability invalidated his Form 1040. *Sloan v. Com'r.*, 53 F.3d 799, 800 (7th Cir. 1995). The taxpayer's disclaimer "den[ied] that [he] [was] liable or made liable for any 1040 income tax for the above stated year" and "disclaim[ed] liability for any tax shown on the form." *Id.* (internal quotation marks omitted). The

---

[2] Title 26 of the United States Code, § 6702(a) provides a civil penalty for frivolous tax returns. A tax return is frivolous if,

> (1) [a] person files what purports to be a return of a tax imposed by this title but which -- (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or (B) contains information that on its face indicates that the self-assessment is substantially incorrect, and (2) the conduct referred to in paragraph (1)--(A) is based on a position which the Secretary has identified as frivolous under subsection (c), or (B) reflects a desire to delay or impede the administration of Federal tax laws.

No. 08-20844

Seventh Circuit distinguished the holding in *Todd* by noting that there was no specific disclaimer of liability in that case. *Id*.

In *Beard v. Comm'r.*, 82 T.C. 766, 777-79 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986) (per curiam), the United States Tax Court also examined the question of when a document may be said to constitute a valid tax return for statute-of-limitations purposes. The *Beard* court held that, in order for a document to be considered a return, "there must be sufficient data to calculate tax liability;... the document must purport to be a return; . . . there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and . . . the taxpayer must execute the return under penalties of perjury." *Id*. at 777; *see also Badaracco v. Comm'r.*, 464 U.S. 386, 396-97 (1984); *Green v. Comm'r.*, 322 F. App'x 412, 415 (5th Cir. April 23, 2009) (unpublished) (citing the *Beard* test with approval).

We now turn to the language at issue in this case. Oden testified at trial that he did not know what the phrase "without prejudice" meant. He testified further that Davis told him that it was "good practice" to include the phrase, but he had no explanation as to why this was so. As the government notes in its brief, the phrase is ambiguous and does not, on its face, disclaim Oden's status as a taxpayer, call the accuracy of the data into question, or make "a mockery" of the return. *Cf. Todd*, 849 F.2d at 368; *Beard*, 82 T.C. at 778-79. Such a statement is more akin to a general statement of protest. *See Todd*, 849 F.2d at 368.[3]

In cases such as this, where there is some ambiguity as to language's effect on the jurat, we agree with the Seventh Circuit that the IRS "should be entitled

---

[3] One court, addressing a similar issue, held that the addition of the phrase "under protest" to a Form 1040, without more, did not significantly alter the jurat and was merely an exercise of the taxpayer's First Amendment rights. *See McCormick v. Peterson*, No. CV93-2157, 1993 WL 566334 at *1 (E.D.N.Y. December 1, 1993) (unpublished).

to construe alterations of the jurat against the taxpayer, at least when there is any doubt." *Sloan*, 53 F.3d at 800. "We refuse to require [the IRS] to engage in guessing games to determine what disclaimers like this one mean. To require such would drastically hinder the [IRS's] ability to process returns effectively and efficiently." *Williams v. Comm'r.*, 114 T.C. 136, 142 (2000). Here, the IRS did not reject Oden's Forms 1040 based on the additional language. We therefore hold that the Forms 1040 were valid, though fraudulent, tax returns.[4]

*B. Davis's ADA Claim*

In his brief to this court, Davis asserts for the first time that the district court violated the ADA by failing to accommodate his hearing disability.[5] As Davis did not raise this issue before the district court, our review is for plain error only. *United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009). "This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Id*. (internal quotation marks and citations omitted).

---

[4] Even if we were to conclude that the added language rendered the Forms 1040 invalid as "tax returns," Davis would still be culpable under 26 U.S.C. § 7206(2). Section 7206(2) prohibits aiding and assisting in the preparation or presentation of a false "return, affidavit, claim *or other document*." (emphasis added). Davis's culpability for assisting in the preparation of these documents is sufficiently established, regardless of whether they qualify as "tax returns."

[5] A failure to accommodate an individual's disability during trial may also raise due process concerns. *See United States v. McMillan*, --- F.3d ----, 2010 WL 816645 at *12 (5th Cir. 2010). Davis's brief contains passing references to his "right to meaningfully participate in his own trial and to assist his legal representative in rendering effective assistance of counsel." "[T]his claim is inadequately briefed and is hence waived." *McIntosh v. Partridge*, 540 F.3d 315, 325 n.12 (5th Cir. 2008) (citation omitted).

No. 08-20844

Assuming *arguendo* that the ADA is applicable to the federal courts,[6] Davis cannot show that there was any error, let alone an error that affected his substantial rights.    Davis argues that he was "unable to meaningfully participate in his own trial" but fails to provide any support for this argument. Davis did not make any request to the district court for any accommodations during trial.  Davis fails to demonstrate how the district court's failure to give him accommodations that were never requested affected his substantial rights. Davis's ADA claim utterly fails to rise to the level of plain error.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

[6] Our Circuit has not yet addressed the question of whether the ADA applies to the federal courts.  Other courts have held that the ADA is inapplicable to federal courts. *See*, *e.g.*, *Melton v. Freeland*, Nos. 1:96-CV-516, 1:96–CV–5171997, 1997 WL 382054 at *1 (M.D.N.C. Feb. 6, 1997) (unpublished) (holding that federal courts are not subject to Title II of the ADA); *Turgeon v. Brock*, CIV. 94-269-SD, 1994 WL 803506 at *1 (D.N.H. Dec. 20, 1994) (unpublished) (same).  We reserve this question for another day.