# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-20383

————

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2016

Lyle W. Cayce
Clerk

RAINIER DSC 1, L.L.C.; RAINIER DSC 2, L.L.C.; RAINIER DSC 3, L.L.C.; RAINIER DSC 4, L.L.C.; RAINIER DSC 5, L.L.C.; RAINIER DSC 6, L.L.C.; RAINIER DSC 7, L.L.C.; RAINIER DSC 8, L.L.C.; RAINIER DSC 11, L.L.C.; RAINIER DSC 13, L.L.C.; RAINIER DSC 14, L.L.C.; RAINIER DSC 15, L.L.C.; RAINIER DSC 16, L.L.C.; RAINIER DSC 18, L.L.C.; RAINIER DSC 9, L.L.C.,

      Plaintiffs – Appellants,

v.

RAINIER CAPITAL MANAGEMENT, L.P.; RAINIER DSC ACQUISITION, L.L.C.; RAINIER PROPERTIES, L.P.; RAINIER PROPERTIES G.P., L.L.C.,

      Defendants – Appellees.

————

Appeal from the United States District Court
for the Southern District of Texas

————

Before KING, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:

In one of several appeals arising from an ill-fated real estate investment, Plaintiffs appeal the district court's judgment confirming the arbitration award in favor of the Rainier parties involved in marketing the investment. Because Plaintiffs have not established any basis for vacating the arbitration award, we AFFIRM.

No. 15-20383

## I.

The real estate transactions underlying this appeal have already been described in greater depth in *Rainier DSC 1, L.L.C. v. Rainier Capital Management, L.P.*, 546 F. App'x 491, 492–93 (5th Cir. 2013) ("*Rainier I*"). In brief, Foundation Surgery Affiliate of Southwest Houston, LLC ("Southwest"), the owner of a surgical and imaging facility in Houston, entered into a purchase and sale agreement in 2008 with Rainier Capital Acquisitions, LP, which in turn assigned its interest to Rainier DSC Acquisitions, LLC ("Rainier DSC," and together with the other related appellees, "Rainier"). Rainier DSC purchased the property and sold fractional tenant-in-common interests to Plaintiffs (the "Investors"), who each signed an agreement with Rainier DSC that included an arbitration agreement. Two years later, Southwest stopped making full rent payments, and thereafter stopped paying rent altogether and vacated the property.

In May 2012, the Investors sued Southwest, Rainier, and the twenty-nine individual physician members of Southwest, among others. The original petition, filed in state court, alleged various state law claims including fraud and breach of contract, in addition to violations of federal securities law. After the case was removed, Rainier moved to compel arbitration. The Investors ultimately agreed to proceed to arbitration with Rainier.

The district court ordered the Investors and Rainier to arbitration. In March 2015, the arbitrator issued his award, denying relief on all claims and awarding Rainier over $500,000 in attorneys' fees and expenses. The district court severed the arbitrated claims against Rainier and entered judgment confirming the award.[1]

---

[1] While the arbitration was ongoing, the district court dismissed the Investors' claims against most of the non-arbitrating defendants in a series of judgments. Those judgments are the subject of Appeal No. 15-20375, which is also before this panel. The Investors also

2

No. 15-20383

On appeal, the Investors argue that: (1) the arbitration award should be vacated because the district court's failure to stay the litigation of the non-arbitrating parties was "misbehavior" that prejudiced the Investors' right to a fair arbitration; (2) the arbitration award should be vacated because the arbitrator refused to hear pertinent and material evidence; and (3) the case should be reassigned on remand.

## II.

We review both a district court's confirmation of an arbitration award and its denial of a motion to stay litigation pending arbitration *de novo*, using the same standard as the district court. *Wartsila Finland OY v. Duke Capital LLC*, 518 F.3d 287, 291 (5th Cir. 2008) (arbitration confirmation); *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 341 (5th Cir. 2004) (denial of motion to stay).

Under the Federal Arbitration Act ("FAA"), an arbitrator's decision will be vacated "only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). "To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006) (quoting *El Dorado Sch. Dist. No. 15 v. Continental Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001)).

---

filed an appeal in 2012, arguing that the district court's orders after the motion to compel arbitration should be vacated because the district court erred by not staying the proceedings. We dismissed the appeal for lack of jurisdiction because the district court had not entered an order refusing a stay. *Rainier I*, 546 F. App'x 491.

No. 15-20383

## III.

## A.

The Investors first argue that the arbitration award should have been vacated under 9 U.S.C. § 10(a)(3) because the district court was required by the FAA to stay its own proceedings when it sent the Investors and Rainier to arbitration, its failure to do so was "misbehavior" under § 10(a)(3), and the arbitration was prejudiced by the district court's subsequent opinion on the issues involved in the arbitration.

This argument is premised on a plainly impossible reading of § 10(a)(3). That section permits a district court to vacate an arbitration award

> where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

9 U.S.C. § 10(a)(3).   The Investors conclusorily argue that the "other misbehavior by which the rights of any party have been prejudiced" in the final clause "does [not] have to be done by the arbitrator, as internal to paragraph three, [C]ongress used a semicolon instead of a comma." This is irreconcilable with the statutory text.  Regardless of whether Congress used a comma or a semicolon,[2] the relevant clause begins with "or *of* any other misbehavior," which can only refer back to "the *arbitrators were guilty of* misconduct."  There is no other possible antecedent.  Because the Investors' argument is premised on purported misbehavior by the district court and not the arbitrator, it fails.[3]

---

[2] The use of a semicolon is perfectly natural given the structure of the conditions and does not suggest that any actors other than the arbitrators are implicated.  *See* Bryan A. Garner, *The Redbook: A Manual on Legal Style* 14 (3d ed. 2013) ("Use semicolons to separate elements of a series of phrases or clauses if one or more of the elements contains an internal comma.").

[3] In any event, the Investors have not shown that the district court erred in declining to stay the non-arbitrating parties' litigation.

To the extent that the Investors argue indirectly that Rainier or the arbitrator engaged in misconduct by relying on the district court's summary judgment opinion involving some of the same issues involved in the arbitration, their argument fails.   The Investors argue in their brief that "[Rainier's] counsel testified through his questions, during the arbitration, that the issues before the arbitrator had already been ruled on 'as a matter of law.'"  This is patently false.  Rainier never stated that the issues had been ruled on "as a matter of law," and instead expressly stated that the arbitrator was not bound by the district court's opinion and that Rainier would abide by the arbitrator's opinion.  The fact that the arbitrator and the district court reached the same result regarding the meritlessness of the Investors' claim is not in itself evidence of improper bias—indeed, we reached the same conclusion in our *de novo* review of the district court's summary judgment in Appeal No. 15-20375. The arbitrator's award does not reference the district court's order, and nothing in the award suggests that it was not the product of an independent evaluation by the arbitrator.  Nor do the Investors cite to any authority suggesting that awareness of a court's ruling by an arbitrator constitutes bias or misconduct justifying the vacatur of an arbitration award.

## B.

The Investors next argue that the district court should have vacated the arbitration award because the arbitrator was "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy."  9 U.S.C. § 10(a)(3).  The essence of the Investors' argument is that the arbitrator improperly permitted Rainier to put on excerpts of deposition testimony of two witnesses, Kenneth Dunn and Thomas Mock, without allowing the Investors to cross-examine them at the hearing.

The Investors deposed Dunn and Mock for approximately three hours each.  Rainier's counsel asked no questions at Dunn's deposition.  At Mock's

deposition, after the Investors' attorney had completed his initial questions, Rainier's counsel conducted a brief examination. The Investors' attorney stated that if Rainier was using the opportunity to do a direct examination, "I have the right to recross-examine this witness. He may not show up at trial," and complained that denial of that right would prejudice the case and deny him due process. The Investors' attorney then questioned Mock further.

After Rainier produced its witness list indicating that Dunn and Mock would be testifying by deposition, the Investors e-mailed the arbitrator, stating that they would be prejudiced if Dunn and Mock did not appear in person and requesting the execution of subpoenas for them. In the ensuing exchange of e-mails, the arbitrator instructed the Investors' counsel to "[t]ell me exactly what you need to establish through these two witnesses that you cannot establish from the corporate witnesses that are attending" and to explain why they had been unable to obtain the needed information during the depositions. The Investors responded at length complaining about Rainier's conduct but did not answer either of the arbitrator's questions. The arbitrator then declined to issue the subpoenas. After watching Rainier's portions of the two video depositions at the hearing, the arbitrator admitted the entire deposition transcripts into evidence pursuant to the Investors' request.

Under these circumstances, the arbitrator did not refuse to hear material evidence, did not otherwise engage in "misconduct," and did not deprive the Investors of a fair hearing. The arbitrator decided not to issue subpoenas when the Investors failed to answer his questions about what evidence they needed from the two witnesses, who were outside the legal subpoena range, and who were less involved in the relevant transactions than the two Rainier witnesses who testified live at the hearing. Even on appeal, the Investors have utterly failed to identify any evidence that they would have been able to elicit from further examination of Dunn and Mock. The arbitrator did not refuse to hear

any evidence; he admitted the entire deposition transcripts at issue. The Investors' reliance on the AAA rule that requires evidence to be taken in the presence of the arbitrator is misplaced; they cite no authority applying this rule to prohibit the use of deposition testimony, and in any event, they requested, conducted, and relied on depositions. Especially in light of the deference required in reviewing an arbitration award, the district court properly confirmed the award. *See Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1022 (5th Cir. 1990) ("Parties to voluntary arbitration may not superimpose rigorous procedural limitations on the very process designed to avoid such limitations. . . . Submission of disputes to arbitration always risks an accumulation of procedural and evidentiary shortcuts that would properly frustrate counsel in a formal trial. . . . [W]hatever indignation a reviewing court may experience in examining the record, it must resist the temptation to condemn imperfect proceedings without a sound statutory basis for doing so.").[4]

## IV.

Because the Investors have not identified any basis for vacating the arbitration award, we AFFIRM the district court's judgment confirming the award.[5]

---

[4] In light of our affirmance, we do not reach the Investors' argument that the case should be reassigned on remand.

[5] Rainier's motion to partially dismiss the appeal as to Rainier Properties, GP, LLC, is denied as moot.