In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 16-2121, -2165

TONYA DAVIS,

*Plaintiff-Appellee and Cross-Appellant,*

*v.*

ERNEST B. FENTON, *et al.,*

*Defendants-Appellants and Cross-Appellees.*

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 3224 — **Ruben Castillo**, *Chief Judge.*

_____

ARGUED APRIL 7, 2017 — DECIDED MAY 26, 2017

_____

Before POSNER, RIPPLE, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* In 2013 Tonya Davis sued Ernest Fenton (as well as Fenton's law firms) in federal district court asserting state malpractice and breach of contract claims, as well as federal Fair Housing Act and Civil Rights Act claims, all arising out of Fenton's representation of Davis in a mortgage foreclosure action in which Davis had lost her home. Davis alleged that Fenton's representation of her had

been deficient, and that he had targeted her for deficient representation because of her race.

Fenton asked the district court to stay the lawsuit pending arbitration, because his contract with Davis to represent her in the foreclosure action had required the parties to arbitrate any disputes arising from the representation; and the Federal Arbitration Act, 9 U.S.C. § 3, provides that when the parties to a dispute litigable in federal court have a written agreement to arbitrate their dispute, either of the parties is entitled to stay the trial of the action until the arbitration is complete, provided that the applicant for the stay is not in default of its obligations in the arbitration.

Agreeing that Fenton's request for a stay was proper, the district judge ordered the suit "stayed pending arbitration"; the docket reflects that the lawsuit was "administratively dismissed without prejudice subject to full reinstatement upon the completion of the required arbitration," which awarded Davis $82,528.10 in damages for malpractice but denied her other claims. Fenton then sued Davis in an Illinois state court to have the arbitration award vacated or at least reduced. Davis responded by moving the federal district court to reinstate her suit because the arbitration had been concluded, to confirm the arbitration award pursuant to 9 U.S.C. § 9, and to permit her to file a new Fair Housing Act claim against Fenton, accusing him of retaliating against her for having filed her original Fair Housing Act claim.

When Fenton failed to appear at the hearing in the district court on Davis's motion, the judge entered a default judgment granting the motion, reinstating the case, and confirming the arbitration award. He also permitted Davis to file her new Fair Housing Act claim. Fenton moved the court

to vacate the default judgment and remand the case to state court, on the ground that the district court lacked jurisdiction because he (Fenton) had filed his state lawsuit challenging the arbitration award prior to Davis's having moved the district court to re-open the case. The district judge refused, reminding the parties that "I was the one that enforced the defendants' request for arbitration and I sent the case for arbitration. So it would seem to me, because I retained jurisdiction, that any request to vacate the arbitration award that the plaintiff won should have come to this Court and not to some [state court] judge." Fenton also moved the district court to dismiss Davis's retaliation claim; the court granted the motion.

On appeal Fenton has renewed his challenge to the district judge's jurisdiction to confirm the arbitration award. But the challenge is meritless—the judge had jurisdiction over the case at the time it was filed, as it raised questions of federal law, and the judge's order staying the case (or, equivalently, administratively dismissing it subject to reinstatement at the conclusion of arbitration) retained jurisdiction to confirm or vacate an arbitral award. *Baltimore & Ohio Chicago Terminal Railroad Co. v. Wisconsin Central Ltd.*, 154 F.3d 404, 407 (7th Cir. 1998).

This is true notwithstanding *Magruder v. Fidelity Brokerage Services LLC*, 818 F.3d 285 (7th Cir. 2016), a case in which an aggrieved customer of Fidelity had arbitrated his dispute with the company, lost, filed a federal lawsuit asking the court to overturn the arbitrator's decision, and argued that the court had jurisdiction to vacate the award because the arbitrator had resolved a question of federal law. But we ruled that "a federal issue resolved by the arbitrator does *not*

supply subject-matter jurisdiction for review or enforcement of the award." *Id.* at 288 (emphasis in original). Because there was no other basis for subject-matter jurisdiction, the suit should have been dismissed. Davis's federal suit, in contrast, preceded the arbitration and was stayed pending it; upon completion of the arbitration she returned to the federal court seeking confirmation of the award. Because her suit had been stayed, not dismissed, the court, by virtue of having jurisdiction over the original lawsuit, retained jurisdiction not only over her request to confirm the award but also over her federal-law claims.

One other issue needs to be resolved—Davis's appeal of the dismissal of her retaliation claim. In her original lawsuit against Fenton she'd been represented by two lawyers, whom after the lawsuit was filed Fenton sued in state court, accusing them of having improperly acquired confidential information, and spread false information, about his business. See *Fenton v. Dudley*, 761 F.3d 770 (7th Cir. 2014). Fenton asked the state court for an injunction against the lawyers prohibiting them from speaking to Davis about her lawsuit against him, and the state court granted the injunction (although it was eventually lifted). Davis now argues that Fenton's lawsuit was in retaliation against her for having filed her original Fair Housing Act claim against him, and was therefore a further violation of the Fair Housing Act. The Act does prohibit retaliation against a person for exercising his or her rights under the Act; see 42 U.S.C. § 3617, also *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). But filing a lawsuit, or asking for an injunction, can't be considered retaliation, except perhaps in extraordinary circumstances not present in this case.

AFFIRMED.