# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30140

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2018

Lyle W. Cayce
Clerk

LOUISIANA DEPARTMENT OF NATURAL RESOURCES THROUGH THE COASTAL PROTECTION RESTORATION AUTHORITY,

Plaintiff - Appellant

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
3:16-CV-586

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The Louisiana Department of Natural Resources (LDNR) challenges the denial of its motion to vacate an arbitration order denying reconsideration of the award, contending it was prejudiced by arbitration-panel misconduct. Primarily at issue is whether, in denying reconsideration, the panel deprived LDNR of a fair hearing. AFFIRMED.

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30140

I.

In September 2013, LDNR submitted a public-assistance request to the Federal Emergency Management Agency (FEMA), seeking $586,112,000 in federal funds to help restore a chain of 16 barrier islands—the Coastal Barrier Resources System—allegedly damaged by Hurricanes Rita and Katrina in 2005. The request was denied in August 2015 because, *inter alia*, LDNR provided no evidence that assistance-eligible facilities were on the islands, as required by the following FEMA regulations, enacted pursuant to the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121 *et seq*.

A "facility" is eligible for public-assistance funding if it is a "publicly or privately owned building, works, system, or equipment, built or manufactured, or an improved and maintained natural feature". 44 C.F.R. § 206.201(c). Therefore, for a system to qualify for aid, it must be "built or manufactured", and for a natural feature to qualify, it must be "improved and maintained". *Id.* In denying LDNR's request, FEMA explained: because the island system was not manufactured, it did not qualify as a system; and, because LDNR provided no evidence the islands were improved and maintained, they did not qualify as natural features.

FEMA public-assistance denials can be reviewed through either administrative appeal or arbitration by the Civilian Board of Contract Appeals. 44 C.F.R. §§ 206.206 & 206.209. In September 2015, LDNR pursued the latter, claiming: FEMA exceeded its authority in defining eligible facilities; and, even if it did not do so, the island system is an "improved and maintained" natural feature and therefore eligible for FEMA assistance.

A unanimous arbitration panel in March 2016 decided FEMA correctly denied LDNR's application and dismissed the arbitration in its entirety. The panel concluded: it did not have authority to invalidate FEMA's regulations;

2

and the "barrier islands, as a system, cannot meet any of these [eligibility] requirements, for they are not 'built or manufactured, or an improved and maintained natural feature'". The panel advised LDNR to submit new, separate funding applications for each of the islands on which natural features were improved and maintained. (LDNR has done so.)

LDNR moved for reconsideration, on grounds that, *inter alia*, in making its decision, the panel did not: provide LDNR an opportunity for oral presentation; and have all available evidence at the time of its decision. The panel denied reconsideration because LDNR did not, *inter alia*, explain what new information it sought to present that would affect the panel's earlier decision.

The underlying district court proceeding was initiated by LDNR in September 2016, seeking vacatur only of the June 2016 denial of reconsideration: it claimed the panel's misconduct in refusing to hear evidence prejudiced LDNR. The court denied relief because LDNR did not explain what material evidence the panel failed to consider, or why LDNR was prejudiced as a result.

## II.

Denial of a motion to vacate an arbitration award is reviewed *de novo*. *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 760 F.3d 418, 420 (5th Cir. 2014). Judicial review of an arbitration decision "is exceedingly deferential" and available "only on very narrow grounds". *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). As relevant here, an arbitration award may be vacated "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced". 9 U.S.C. § 10(a)(3). To warrant vacatur under § 10(a)(3), the alleged misconduct must "so affect[] the rights of a party that it may be said

that [it] was deprived of a fair hearing". *Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 828 F.3d 362, 364 (5th Cir. 2016) (quoting *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006)).

As noted *supra*, LDNR asked the district court to vacate only the denial of reconsideration. In other words, it did not challenge the underlying merits decision. Therefore, our review of the district court's order regarding the panel's denial of reconsideration is narrower in scope than it would have been had LDNR challenged aspects of the underlying decision. *Cf. Vela v. W. Elec. Co.*, 709 F.2d 375, 376 (5th Cir. 1983) (review of denial of a motion was narrower in scope than review of the underlying order of dismissal "so as not to vitiate the requirements of a timely appeal" (internal quotation omitted)).

Accordingly, we consider only whether the panel's conduct in denying reconsideration falls within the "very unusual circumstances" permitting vacatur under § 10(a)(3). *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995) ("the court will set [panel's] decision aside only in very unusual circumstances"); *e.g.*, *Vela*, 709 F.2d at 376. To establish it was "deprived of a fair hearing", *Rainier DSC 1, L.L.C.*, 828 F.3d at 364, LDNR must show: the panel refused to hear material evidence; and LDNR was prejudiced as a result, *e.g.*, *Laws*, 452 F.3d at 400 (vacatur not warranted where party has not shown prejudice or indicated unconsidered evidence was material). LDNR has shown neither.

The panel did not refuse to hear any evidence. LDNR submitted a 34-page statement and over 120 exhibits, none of which were excluded by the panel. Pointing to 44 C.F.R. § 206.209(h)(1), which provides for oral presentation of evidence, LDNR asserts such a presentation is necessary for a fair hearing. Vacatur, however, is warranted when the panel refuses to hear *material*, not just any, evidence; similarly, there is no indication oral presentation "might have altered the outcome of the arbitration". *Id.*

No. 17-30140

In particular, as the panel observed in denying reconsideration, "LDNR has not identified what it might have said or shown . . . that might affect the [panel's] conclusion, if it had been given a chance to supplement its presentation". This determination is bolstered by the regulations' prohibiting parties from "provid[ing] additional paper submissions at the hearing". 44 C.F.R. § 206.209(h)(3). Further, rather than LDNR's explaining how it suffered prejudice, it only concludes that it has. Accordingly, LDNR has not shown that, in denying reconsideration, the panel engaged in misconduct that "so affect[ed] [LDNR's] rights . . . that it may be said that [it] was deprived of a fair hearing". *Rainier DSC 1, L.L.C.*, 828 F.3d at 364 (quoting *Laws*, 452 F.3d at 399).

## III.

For the foregoing reasons, the district court's denial of vacatur is AFFIRMED.