**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 18-20098

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2019

Lyle W. Cayce
Clerk

LIGHT-AGE, INCORPORATED,

   Plaintiff - Appellant

v.

CLIFFORD ASHCROFT-SMITH,

   Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before KING, SMITH, and WILLETT, Circuit Judges.

PER CURIAM:

   After an arbitration panel awarded Defendant Clifford Ashcroft-Smith $274,813.58, Plaintiff Light-Age, Inc., petitioned the district court to vacate the award, arguing that the panel was improperly constituted. The district court disagreed and confirmed the award. Now, Light-Age asks this court to reverse the district court and render judgment in its favor. Light-Age waived its challenge to the constitution of the panel by failing to object at the time of the arbitration hearing. Accordingly, we AFFIRM.

**I.**

   Defendant Clifford Ashcroft-Smith, an attorney, provided legal services to plaintiff Light-Age, Inc., over a period of five years. Light-Age refused to pay Ashcroft-Smith $344,990.58 in fees, arguing they were excessive. The parties

No. 18-20098

agreed to arbitrate their dispute under the Houston Bar Association's ("HBA") fee-dispute program. As part of their arbitration agreement, the parties agreed "to be governed and bound" by the HBA Fee Dispute Committee's ("FDC") rules and regulations.

The FDC's rules authorize the FDC Chair to appoint arbitration panels. Each arbitration panel must consist of three arbitrators, one of whom "shall be a non-lawyer member." The rules state that "[n]on-lawyers may not have, other than as consumers, any financial interest, direct or indirect, in the practice of law." The rules also vest the FDC with the power to interpret its own rules.

The FDC selected Ana Davis as the nonlawyer member of the parties' arbitration panel. Davis is not a lawyer, but she is a full-time payroll manager for Jackson Walker, L.L.P., a law firm. Leading up to the arbitration hearing, Davis exchanged multiple emails with the parties that listed Jackson Walker as her employer in the signature line. Nevertheless, Light-Age maintains that it did not discover that Davis was a law-firm employee until after the arbitration hearing. Once he learned of Davis's employment, Light-Age CEO Don Heller, who represented Light-Age in the arbitration without the assistance of counsel, called the FDC Chair to register his objection.

The panel subsequently returned its decision, awarding Ashcroft-Smith $274,813.58. Light-Age petitioned the district court to vacate the award. Interpreting the FDC's rules de novo, the district court determined that Davis was qualified to serve as a nonlawyer arbitrator and confirmed the award. Light-Age appeals.

## II.

We review a district court's order confirming an arbitration award de novo. *See Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 828 F.3d 362, 364 (5th Cir. 2016). We "'may affirm the district court's decision on any basis presented to the district court' and argued in the district court." *U.S. Sec. &*

No. 18-20098

*Exch. Comm'n v. Kahlon*, 873 F.3d 500, 504 (5th Cir. 2017) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013)).

As in litigation, a party to an arbitration must preserve any argument it wants to raise on later review. *See Gateway Techs., Inc. v. MCI Telecommc'ns Corp.*, 64 F.3d 993, 998 (5th Cir. 1995), *abrogated on other grounds by Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576 (2008). Thus, "objections to the composition of arbitration panels must be raised 'at the time of the hearing.'" *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 674 (5th Cir. 2002) (quoting *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 732 (5th Cir. 1987)). We have recognized, albeit in an unpublished decision,[1] that a party to an arbitration waives an objection to an arbitrator's conflict of interest if the party has constructive knowledge of the conflict at the time of the arbitration hearing but fails to object. *See Dealer Comput. Servs., Inc. v. Michael Motor Co.*, 485 F. App'x 724, 728 (5th Cir. 2012) (unpublished). Other circuits considering this issue have applied a constructive-knowledge standard to parties' objections to arbitrators' conflicts of interest as well. *See Goldman, Sachs & Co. v. Athena Venture Partners, L.P.*, 803 F.3d 144, 148-49 (3d Cir. 2015); *Lucent Techs., Inc. v. Tatung Co.*, 379 F.3d 24, 28 (2d Cir. 2004); *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004); *JCI Commc'ns, Inc. v. Int'l Bhd. of Elec. Workers, Local 103*, 324 F.3d 42, 51-52 (1st Cir. 2003); *Kiernan v. Piper Jaffray Cos.*, 137 F.3d 588, 593 (8th Cir. 1998).

We find these cases persuasive. Light-Age attempts to distinguish these cases because they address arbitrators' conflicts of interest, which may be vacated under 9 U.S.C. § 10(a)(2), whereas this case concerns an arbitrator not

---

[1] An unpublished opinion issued after January 1, 1996, is not controlling precedent, but we may consider the opinion as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

selected in accordance with the parties' agreement, which may be vacated under 9 U.S.C. § 5. But Light-Age does not explain why this difference in statutory authority for vacatur means a different waiver standard should apply. On the contrary, applying a constructive-knowledge standard here would serve the same policy interests cited by the courts applying constructive knowledge to find waiver in arbitrator-partiality cases: efficiency and finality of the arbitration process. *See, e.g.*, *Goldman, Sachs & Co.*, 803 F.3d at 149 ("The rationale for applying constructive knowledge in the arbitration context makes good sense. It both encourages parties to conduct adequate due diligence prior to issuance of the award and promotes the arbitration goals of efficiency and finality."). Thus, we find that the constructive-knowledge standard applies in this context.

We therefore conclude that Light-Age waived its objection to Davis's participation on the panel. Light-Age had constructive knowledge that Davis worked for a law firm at the time of the arbitration hearing; it could have discovered that Jackson Walker was a law firm simply by clicking on the link provided in Davis's email signature or running a brief internet search. It is reasonable to expect even a pro se litigant to perform such basic research into its arbitrator.

Accordingly, we affirm the arbitration award. We need not reach the question of whether the panel was properly constituted.

### III.

For the foregoing reasons, we AFFIRM the judgment of the district court.

4