# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2022

Lyle W. Cayce
Clerk

No. 21-50606

Derek Rodgers,

*Plaintiff—Appellant*,

*versus*

United Services Automotive Association, *also known as* USAA,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-620

Before King, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:*

Derek Rodgers appeals the judgment of the district court confirming an arbitration award and denying his motion to vacate. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50606

## I.

Derek Rodgers, represented by counsel, filed a complaint against his former employer, the United Services Automotive Association ("USAA"), alleging that he was wrongfully terminated in violation of the Family Medical Leave Act ("FMLA"). Specifically, he claimed that USAA terminated him because he took several months of FMLA leave.

After filing his complaint, Rodgers also filed a motion to refer the case to arbitration. The district court granted the motion and administratively closed the case. During the arbitration proceedings, Rodgers remotely deposed USAA employee relations advisor Erin Redmond. While Redmond was being deposed, Rodgers's attorney discovered that Redmond was texting with USAA's attorney. Counsel for both parties then, off the record, contacted the arbitrator and reached an agreement that Redmond would be required to keep her phone out of reach for the remainder of the deposition. Both USAA's counsel and Redmond immediately deleted the text messages. Redmond then testified that USAA may have stored Rodgers's termination memo in an internal system called Documentum, but she was not sure. Separately, USAA produced the termination memo to Rodgers.

After discovery, USAA filed a motion for summary judgment. Rodgers filed a response through his attorney, but also personally sent a letter to the arbitrator complaining that USAA had withheld unspecified relevant records stored in Documentum. USAA objected to considering the letter, arguing that it was an inappropriate *ex parte* communication. The arbitrator granted USAA's motion for summary judgment, finding that Rodgers could not show a *prima facie* case of wrongful termination under the FMLA because he could not show he was treated differently from employees who did not take FMLA leave; she further noted that she did not consider the *ex parte* letter in making this determination.

No. 21-50606

After the arbitrator granted USAA's motion for summary judgment, USAA filed a motion to confirm the arbitration award in the district court. Rodgers's counsel then sought, and was granted, a motion to withdraw. Proceeding *pro se*, Rodgers filed a motion to vacate the arbitration award. In his motion to vacate, Rodgers argued that vacatur under 9 U.S.C. § 10(a)(1) was appropriate because the award was procured by undue means, first because the arbitrator considered Redmond's deposition testimony despite the texting between Redmond and USAA's attorney and second because the arbitrator failed to consider the allegedly withheld Documentum evidence that Rodgers raised in his *ex parte* letter. He further argued that the arbitrator exceeded her powers, entitling him to vacatur under 9 U.S.C. § 10(a)(4), by finding Rodgers could not demonstrate a *prima facie* case because the arbitrator failed to take into account the allegedly withheld evidence. [1]

The district court granted the motion to confirm the arbitration award and denied Rodgers's motion to vacate. It explained that Rodgers was not entitled to vacatur under § 10(a)(1) because he could not show that the improper behavior of USAA was "not discoverable by due diligence before or during the arbitration hearing." It further found no error in the arbitrator's decision to strike the *ex parte* letter, and it concluded that Rodgers was not entitled to relief under § 10(a)(4) because he failed to plead how the arbitrator actually exceeded her powers.

Rodgers, proceeding *pro se*, now timely appeals these holdings.

---

[1] Rodgers also argued that he was entitled to vacatur under § 10(a)(3), but he does not brief that argument on appeal and thus it need not be considered. *See United States v. Davis*, 603 F.3d 303, 307 n.5 (5th Cir. 2010).

No. 21-50606

## II.

"[F]ederal courts have 'an independent duty to examine the basis of [their] jurisdiction.'" *Biziko v. Van Horne*, 981 F.3d 418, 420 (5th Cir. 2020) (quoting *Feld Motor Sports, Inc. v. Traxxas, L.P.*, 861 F.3d 591, 595 (5th Cir. 2017)). Both this circuit and others have recognized that, when a district court with jurisdiction over a case refers the case to arbitration and orders it administratively closed, the court retains jurisdiction over the case; in turn, we have jurisdiction to review the district court's subsequent decision to vacate or confirm an arbitration award after it reopens the case. *See Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 279–81 (5th Cir. 2007) (en banc) (reviewing a district court's decision to vacate an arbitration award after it submitted the matter to arbitration and stayed the case); *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 246–49 (3d Cir. 2013); *Davis v. Fenton*, 857 F.3d 961, 962–63 (7th Cir. 2017); *Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*, 12 F.4th 1212, 1227–28 (10th Cir. 2021).

That is precisely what happened here. The district court had subject-matter jurisdiction over the initial complaint, which brought FMLA claims against the defendant. *See Gilbert v. Donahoe*, 751 F.3d 303, 310–11 (5th Cir. 2014). It administratively closed the case pending arbitration but retained its jurisdiction to review the outcome. Thus, it had jurisdiction to review the arbitration award and confirm or vacate it, and we in turn have jurisdiction to review that decision.

## III.

We review a district court's confirmation of an arbitration award *de novo*. *Rainier DSC 1, L.L.C. v. Rainier Cap. Mgmt., L.P.*, 828 F.3d 362, 364 (5th Cir. 2016). That said, "[j]udicial review of an arbitration award is extraordinarily narrow and this [c]ourt should defer to the arbitrator's decision when possible." *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410,

4

413 (5th Cir. 1990). A district court may vacate an arbitration award only when (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrator[]"; (3) the arbitrator was guilty of misconduct by, inter alia, refusing to consider certain evidence; or (4) the arbitrator exceeded his or her powers. 9 U.S.C. § 10(a)(1)–(4); *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 352–58 (5th Cir. 2009). On appeal, Rodgers argues the district court erred in denying his motion to vacate the arbitration award under § 10(a)(1) and (4).

As a preliminary matter, Rodgers argues for the first time on appeal that the arbitration clause in his employment agreement was deficient, that his letter to the court was not truly an *ex parte* communication,[2] and that the arbitrator violated the rules of professional conduct. Because these arguments are raised for the first time on appeal, we need not consider them. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1163 (5th Cir. 1992).

Rodgers points to three violations under § 10(a)(1). He argues that the award must be vacated as procured by undue means because USAA's counsel coached Redmond via text message in her deposition, Redmond did not sign her deposition transcript, and USAA allegedly withheld records from Documentum. But a party alleging that an arbitration award was procured through undue means "must demonstrate that the improper behavior was . . . not discoverable by due diligence before or during the arbitration hearing." *In re Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 304 (S.D. Tex. 1997), *aff'd and adopted by* 161 F.3d

---

[2] Rodgers did challenge the letter's *ex parte* classification in his reply brief before the district court. However, "[a]rguments raised for the first time in a reply brief, even by pro se litigants . . . are [forfeited]." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005); *see also Jones v. Cain*, 600 F.3d 527, 540–41 (5th Cir. 2010). In any case, the argument is inadequately briefed and thus is forfeited. *See Davis*, 603 F.3d at 307 n.5.

314, 319 (5th Cir. 1998). All three of these issues were either discovered or discoverable at the time of the arbitration hearing. First, Rodgers and his counsel did discover the alleged coaching at the time and worked to rectify it. Second, they could have readily noticed that the deposition transcript was not signed. Third, they learned of the Documentum database on September 16, 2020, four months prior to the hearing. Thus, they could have investigated, and indeed did investigate, whether USAA had produced everything relevant within that database.  It follows that Rodgers does not show any undiscoverable improper behavior to support his § 10(a)(1) claims.

Rodgers also seems to argue that the district court erred when it found that the arbitrator did not "exceed [her] powers" for the purposes of § 10(a)(4) when she found that Rodgers did not establish a *prima facie* case. Rodgers contends that the district court misapplied the law when it confirmed the arbitration award that found Rodgers did not meet his burden of proof. It did so, he posits, by failing to speculate favorably about the contents of the allegedly withheld documents.

For an arbitrator to exceed her powers, however, it is not enough for her to render an error in law or fact. *See Citigroup Glob. Mkts.*, 562 F.3d at 352–53 (explaining that awards may be affirmed despite an erroneous conclusion of law or finding of fact). Rather, she must exceed the powers granted to her by the arbitration agreement. *See Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007), *overruled on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584–86 (2008). Rodgers's argument merely contends that the arbitrator (and district court in confirming the award) made errors in law and fact, and his argument does not even attempt to explain how she exceeded her powers as outlined in the arbitration agreement. Therefore, he failed to support his § 10(a)(4) argument, and the district court properly confirmed the award.

No. 21-50606

## IV.

For the foregoing reasons, the judgment is AFFIRMED.